## Nathan Reeve and Others v. George W. Pack.

As against the maker of a promissory note payable at a particular place, the plaintiff is not required to allege or prove presentment or demand of payment at the place specified.

*Submitted January 8th. Decided January 12th.*

Error to St. Clair Circuit.

The declaration was upon the common counts, with notice attached that, under the same, plaintiff would give in evidence two certain promissory notes, both of which were payable at N. Reeve's office in Detroit.

On the trial, the notes being offered in evidence, defendants objected that evidence should be given that the notes had been presented for payment at the place specified, and payment demanded. The court overruled the objection, and rendered judgment upon the notes. Defendants brought error.

*Mitchell & McAlpine,* for plaintiff in error.

*Conger & Harris,* for defendant in error.

CHRISTIANCY J.:

This case presents the single question, whether, as against the maker of a promissory note, payable at a particular place, the plaintiff is required to allege or prove presentment or demand of payment at the place.

This question is answered in the negative by the almost uniform current of decisions in the several states of the Union where the question has arisen. The states of Indiana and Louisiana are believed to be the only exceptions. In the correctness of the rule thus established by the great majority of the American cases, we fully concur.

That the question has not before been brought directly before the Supreme Court of this state, must be attributed to the fact that the correctness of this general American doctrine has never been seriously doubted by the profession,

nor its effect become the subject of complaint by the business men of the state.

In a matter of so much general practical importance to the commercial interests of the country, uniformity of decision is a public benefit; while a want of such uniformity would introduce confusion and uncertainty, impair confidence, and tend to check the commercial relations of our citizens with those of other states, and may therefore be justly deprecated as a public evil.

But, independent of these considerations, we think the rule is just in principle, and beneficial in its operation. It is the rule long since adopted in England by the Court of King's Bench, and adhered to by that court, against the opposite rule in the Court of the Common Pleas, until the decision of the House of Lords, in *Rowe v. Young*, 2 *Brod. & Bing.* 180, which, contrary to the opinion of a majority of all the judges, repudiated the doctrine of the King's Bench, and adopted that of the Common Pleas. But so unsatisfactory was that decision to the commercial interests of that country, that Parliament immediately interfered, and, by statute 1 and 2 *Geo. IV. ch.* 78, restored substantially the rule adopted by the King's Bench. See *Wallace v. McConnell*, 13 *Pet.* 136; *Story on Pr. Notes*, § 228.

While this rule dispenses with the allegation and proof of presentment and demand in such cases, it secures to the maker all his substantial rights and equities, by allowing him to show in defense that he was ready to pay at the place, and thus to avoid all special damages, and the costs of the suit. And if any special loss has occurred to the maker by the neglect of presentment and demand, his rights will be fully protected.

The judgment of the circuit court must be affirmed, with costs.

The other Justices concurred.