## HUGHES v. BOWEN.

1. WAIVER OF PROTEST. A promise by the indorser of a promissory note, after maturity, to pay the same, with knowledge of the fact that it has not been presented for payment and protested, operates as a waiver of such presentation and protest.

2. SAME: PROOF OF KNOWLEDGE. In showing such knowledge it is not necessary to show that the indorser knew the legal effect of the laches of the holder. It is sufficient if he knew the facts; he is presumed to know the law. The general rules of evidence as to proof of knowledge apply to this class of cases.

*Appeal from Johnson District Court.*

TUESDAY, JANUARY 5.

DEFENDANT held two notes against one Bothwell, payable to himself or bearer, which he indorsed in blank to plaintiff. This action is brought against him as such indorser. The defense is a want of demand and due notice. To this plaintiff responds, that defendant waived such demand and notice. Tried by the court; judgment for plaintiff, and defendant appeals.

*Rush Clark* for the appellant cited *Tebbetts* v. *Dowd*, 23 Wend., 378; Pars. Mer. L., 119; Edwards on Bills & Notes, 650; *Duryee* v. *Dennison*, 5 John., 248; *Miller* v. *Hackley*, Id., 382; *Crain* v. *Colwell*, 8 Id., 384; *Agan* v. *McManus*, 11 Id., 180; *Spinlock* v. *The Union Bank*, 4 Humph., 336; *Goodell* v. *Dalling*, 1 T. R., 812; *Blessard* v. *Hurst*, 5 Burr., 2672; *Thornton* v. *Winn*, 12 Wheat., 189; *Low* v. *Howard*, 10 Cush., 159; *Shearer* v. *Easton Bank*, 33 Penn., S. R., 134.

*Clarke & Davis* for the appellee cited *Hopley* v. *Dufresne*, 15 East., 275; 1 Pars. on Bills & Notes, 602; *Martin* v. *Winslow*, 2 Mason, 241; *Martin* v. *Ingersoll*, 8 Pick., 1; *Barkalow* v. *Johnson*, 1 Harrison, 397; *Debuys* v. *Molere*, 16 Martin (La.), 318; *Crane* v. *Sherburne*, 14 Mo., 48; *Keenan* v. *Ree*, 7 Port. (Ala.), 105; *Williams* v. *Robinson*, 13 La., 419; *Hopkins* v. *Liswell*, 12 Mass., 52; *Abbott* v. *Striblen*, 6 Iowa, 191; *Ault* v. *Sloan*, 4 Id., 508.

WRIGHT, Ch. J.—Several errors are assigned, but appellant's counsel concede that the substantial inquiry is

whether defendant was properly held liable upon his subsequent promise as indorser, he contending that such subsequent promise was made without consideration, and without knowledge of the fact that he had been discharged from his liability, by the laches of plaintiff, as holder or indorser of the notes. Our attention is also called to the distinction recognized in *Tebbetts* v. *Dowd*, 23 Wend., 378, and other authorities, between those cases where due presentment and notice are presumed, upon the proof of a subsequent promise to pay where laches are not shown, and those in which laches being affirmatively shown, a subsequent promise to pay is regarded as a waiver of the laches. The case before us, it is claimed, falls under the latter class, and that defendant is therefore not liable, unless the subsequent promise was made with full knowledge of the facts, or of the fact that he had been discharged by the plaintiff's laches.

Thus far, counsel do not differ, but plaintiff insists that the Court was justified, under the testimony, in finding that the promise was made with such knowledge as makes the defendant liable; and in this view we concur.

To establish this knowledge it was not necessary to show that Bowen knew, as matter of law, that he was discharged, nor that he had clear, distinct and full knowledge of all that plaintiff had done or omitted to do. With great justice it is said, that knowledge may be proved in the same manner, and by the same evidence, in this matter, as in any other. 1 Parsons Notes and Bills, 602. Knowledge may be inferred from a variety of circumstances, without requiring clear and affirmative proof. It is the fact which is to be established, and under the same rules of evidence which apply to knowledge in any other cases. *Martin* v. *Winslow*, 2 Mason, 241 ; *Hopley* v. *Dufresne*, 15 East., 275 ; Edwards on Bills, 653, 654. And let it be remembered that the inquiry is not whether he knew that there must be a demand and notice, but whether the Court was justi-

fied in inferring, from all the circumstances, that he had knowledge of the facts which, in law, discharged him. He. is presumed to know the law if he knew the facts. *Schmidt* v. *Radcliffe*, 4 Strob., 296 ; *Martin* v. *Ingersoll*, 8 Pick., 1.

We are not to be understood as holding, as might possibly be inferred from at least one of the cases last cited, that proof of a subsequent promise justifies the inference of the fact that regular notice had been given, nor that it was waived. But the case is put upon the ground that the court, sitting, is a jury, to whom the determination of the fact, from the evidence, was submitted ; having found such fact against defendant, there is no such preponderance of testimony against the correctness of the finding as to justify our interference. The evidence warranting the finding is contained in defendant's letter, written to plaintiff soon after the last note matured, in which he says he shall " claim no exemption from responsibility, on account of any indulgence " given to the maker, and that he will hold himself responsible for the payment of the note, in case the mortgage or the real estate (given to secure said notes) should fail to satisfy the same, in the further fact that the parties had an interview before this letter was written, and within a few days after the notes were due, in which the matter was discussed, and defendant told plaintiff to hold on, that he (defendant) might secure himself.

Add to these considerations the fact that the parties resided in the same place, that the maker was himself making efforts to obtain further time, and ·was instrumental in obtaining the letter referred to from defendant; that the parties frequently talked about the matter, and discussed the probabilities of being able to make the money out of the mortgaged property ; that more than one year after the said letter was written, defendant paid a portion of said notes ; that at no time was there any suggestion that he had acted without due knowledge of the requisite

facts, and it seems to us that the judgment was fully war-ranted, or at least that it was not so clearly unwarranted as to justify a new trial.

We need do no more than remark that the indorser in such cases is not held by his promise as a matter of con-tract (for in that event a consideration might be wanted), but upon the ground that the promise amounts to a waiver of the objection that the proper steps had not been taken to charge him as such indorser. The question of considera-tion to support the promise therefore does not arise.

Affirmed.