## SMITH & McCORD
### *v.*
## ZEBEDEE P. CURLEE.

1. COUNT ON AN ACCOUNT STATED—*what will support it—waiver of laches of holder of bill of exchange.* After a bill of exchange had been refused payment by the drawee, in an interview between the holder and the drawer, the latter admitted the claim to be just, and the amount due on the bill was computed and agreed to by the drawer, and he promised to pay it by a day named, or send the holder a note for it. It was held that evidence of these facts would justify a recovery under a count on an account stated, and that it amounted to a waiver of any laches with regard to the bill, had there been any.

2. PROTEST—*inland bill.* An inland bill of exchange is not required to be protested.

APPEAL from the County Court of Bond county; the Hon. E. GASKINS, Judge, presiding.

This was an action of assumpsit, brought in the court below, by Zebedee P. Curlee, against Henry H. Smith and George C. McCord.

The declaration contained a special count upon a bill of exchange, of which the defendants were the drawers, also the common counts, and one on an account stated.

The plaintiff recovered a judgment, from which the defendants appealed.

Mr. S. P. MOORE, for the appellants.

Messrs. S. A. & A. C. PHELPS, for the appellee.

Per CURIAM: It is unnecessary to consider, in this case, the questions which have been raised, as to a variance between the bill of exchange sued on and the special count in the declaration, or as to due diligence in regard to the bill.

The declaration contains the common counts, and one on an account stated.

The testimony shows, that after the bill had been refused payment by the drawees, an interview took place between the plaintiff and both the defendants, whereat the latter admitted the claim to be just, and the amount due on the bill was calculated, including interest and cost of protest, and found to be $212.40; that the defendants agreed to that amount, and promised to pay it by a named day or send the plaintiff a note for it. This evidence justified a recovery under the count on an account stated. It amounted to a waiver of any laches with regard to the bill, had there been any such. The promise was made with full knowledge of the facts. The protest showed when payment had been demanded, and the defendants knew when they received notice of non-payment.

It does not help the defendant's case, that this interview took place January 1, 1870, as testified to by the witness, evidently by mistake, as the protest was after that time, February 23, 1870. The date of the bill being December 22, 1869, if the interview was January 1, 1870, it would only go to show greater, and so far as appears from the evidence, due diligence.

Being an inland bill of exchange, it was not required to be protested, Story on Bills, sec. 281, and no matter if there had been no protest when the promise to pay was made.

The finding of the court was sustained by the evidence, and the judgment must be affirmed.

*Judgment affirmed.*