## WILLIAM C. YEATON *et al.*

*v.*

## JAMES BERNEY.

1. PROMISSORY NOTE—*demand not necessary.* Where a promissory note is made payable at a specified time and place, it is not necessary for the payee to make a demand of payment at the time and place specified in order to maintain an action upon the note, or a bill to foreclose a mortgage executed to secure the payment of the note.

2. SAME—*readiness to pay.* But if in such case the maker of the note is at the place of payment at the time designated, and is ready and offers to pay the money, but can not because the note is not there ready to be surrendered, such readiness and offer on the part of the maker will discharge him from liability to pay interest accruing after the maturity of the note.

3. STATE OF WAR—*effect of accruing interest.* So where a note executed in the year 1857 was made payable at a specified time and place in the city of Chicago, and at the time the note became due the payee resided in the then rebellious States of the Union, and had the note there in his possession, it was *held,* that the fact of the existence of a state of war would not relieve the makers who resided within the Union lines from the payment of interest on the note accruing after its maturity and during the existence of hostilities, as no legal obstacle was in the way of their being at the time of payment at the place designated, the same being within the Union lines, and offering to pay the note, thus relieving themselves from liability to pay such interest. Such readiness and offer to pay would have been no breach of duty toward their government. Nor did the fact of the existence of hostilities between the United States Government and the confederate *de facto* government relieve such of the makers of the note as resided within the confederate lines from liability to pay such interest, as no legal obstacle was in the way of their paying the note there to the payee, the latter also residing there and having the note in his possession.

APPEAL from the Superior Court of Cook County.

Messrs. ROGERS & GARNETT, for the appellants.

Mr. LAMBERT TREE, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

On the 8th day of May, 1857, Berney, the appellee, sold and conveyed to appellants a certain block of land situate in the

city of Chicago. Of the consideration, the sum of $33,040 was to be paid by appellants in five installments, and for which they gave their five joint promissory notes of that date, payable to the order of appellee in one, two, three, four, and five years, respectively, after date, at the office of S. H. Kerfoot & Co., in the city of Chicago. None of the notes bore interest on their face. To secure these notes appellants gave back to appellee a mortgage of the premises purchased.

At the time of these transactions, Berney, the payee, was a citizen and resident of the State of Alabama, where he continued to reside during the whole period of the pendency of the late civil war, and kept all of the unpaid notes in his possession during that time. The appellants Beverly and Skinner, two of the makers of the notes, were within the confederate lines during the war, as was the payee, Berney; and the appellants Yeaton and Duval, the other two makers of the notes, were, during all the time of the pendency of the war, within the Union lines. These facts are conceded by both parties. It is also conceded that appellants have paid all of the principal and interest on these notes except the sum of $2,655.58, which was the amount of interest accruing upon such portion of said indebtedness as remained unpaid during the pendency of the war. Appellants, claiming that such unpaid portion did not draw interest during the war, filed their bill against Berney to have the mortgage declared satisfied and discharged, whereupon he answered, and filed his cross bill to foreclose the mortgage for this interest. The above facts appearing, the court below dismissed appellant's original bill and entered a decree of foreclosure upon the cross bill. The complainants in the original bill bring the case to this court by appeal, and assign for error the decree of the court dismissing their bill and granting the relief upon the cross bill.

We are of the opinion that the court below decided correctly.

These notes were made payable at a specified time and place. It was not necessary for Berney to make a demand of payment at the time and place specified, in order to maintain an action upon the notes, or a bill to foreclose the mortgage. *Butterfield*

v. *Kinzie,* 1 Scam. 445.   But if the makers, or any of them, were at the place at the time designated, and were ready and offered to pay the money, and could not pay it because the notes were not there to be surrendered up, such readiness and offer would have discharged them from liability for interest.   *Wallace* v. *McConnell,* 13 Peters, 136.

Two of the makers of the notes resided, during all the time in question, within territory entirely under the control of the government of the United States, to which they adhered.   The place where the notes were specifically payable was also within such territory.   It would have been no breach of duty on the part of these two makers, toward their government, to have prepared themselves and offered, at the place where the notes were payable, to pay the money.   This was all they were required to do to discharge themselves from all liability to pay interest.   And the circumstances present no legal obstacle to the accomplishment of that result.

Then, on the other hand, the other two makers resided within the so called confederate States, and they and the payee of the notes were all the time within the military lines of that *de facto* government.   Berney had the notes there in his possession.   What legal obstacle was there in the way of payment there?

The circumstances of this case do not bring it within the rule, or the reason of the rule, by which interest is suspended during a state of war.

The decree of the court below must be affirmed.

*Decree affirmed.*