JONATHAN C. GREELEY, APPELLANT, vs. NEWTON WHITEHEAD, APPELLEE.

1. In a suit against the maker of a promissory note, payable at a particular time and place, it is not necessary to allege in the declaration a presentation for payment at the time and place named, nor to prove such presentation at the trial in order to entitle the plaintiff to recover on such note. The maker of such note is still liable to pay though the note be not presented at the time and place designated, and it devolves upon him to show as matter of defense a readiness at the time and place to meet the note, and such defense must be set [up by plea, and can only be in bar of damages and costs of suit.

2. The plea alleging the defense of readiness to pay at the time and place designated in a note must not only allege such fact, but also that the defendant has ever since been ready with the money then and there to pay the note, with *profert in curia* of the money.

3. The maker of a note, payable at a particular time and place, can under proper plea avoid future interest, damages and costs by showing that he was ready with the money at the designated time and place to make payment, and has ever since kept the same there, but this defense may be waived by subsequent action inconsistent therewith.

Appeal from the Circuit Court for Duval county.

STATEMENT.

Judgment was obtained in the Circuit Court in February, 1891, by appellee against appellant in an action of assumpsit on a promissory note, and an appeal entered. The note sued on is as follows:

"JACKSONVILLE, FLA., August 4, 1886.

One year after date I promise to pay to the order of Newton Whitehead one thousand no-100 dollars, with interest from date at the rate of ten *per cent. per annum* until paid, for value received; negotiable and payable at the Florida Savings Bank; and if not paid

at maturity this note may be placed in the hands of an attorney-at-law for collection, and in that event it is agreed and promised by the makers and endorsers, severally, to pay an additional sum of one hundred dollars for attorneys' fees. J. C. GREELEY.''

The declaration, filed in November, 1890, alleges that by the said note the defendant promised to pay the sum therein mentioned, wit ten *per cent.* interest, one year after date, at the Florida Savings Bank, together with an attorney fee of one hundred dollars if the note was placed in the hands of an attorney-at-law for collection after maturity, but did not pay the same.

There is a count for one hundred dollars for attorney fee due by reason of the said note having, after maturity, been placed in the hands of an attorney-at-law for collection. Also counts for money loaned, and for interest on divers sums of money before that time foreborne by the plaintiff at the request of the defendant.

The defendant filed two pleas to the several counts of the declaration as follows: ''That said promissory note declared upon is, by express terms in the same, made payable at the Florida Savings Bank one year after the date thereof; that defendant, at the time and place named for the payment of said note, had the amount of money ready to pay the same and interest thereon, and would have paid the same upon the presentation of said note, but that the same has never been presented for payment at the place named. For second plea defendant says that ever since said note became due he has had the amount named in said note, and interest, at the place named therein, and has been ready and willing to take up and pay the same, but that said note was never presented for payment; but instead thereof the plaintiff has always declined presenting the same for payment, and requested payment

of the interest on said note semi-annually, which was always promptly paid. And this defendant now makes profert of the amount due on said note, and pays the same into court." A demurrer was sustained to the pleas, and defendant declining to further plead, judgment was rendered against him for $1,139.42 and costs of suit.

Counsel filed in the Circuit Court an agreement in reference to the principal of the note paid into court by the defendant, but no statement of its contents need be made here.

As appears from the record, the only question presented is whether the court erred in sustaining the demurrer to the pleas.

The other facts in the case are stated in the opinion of the court.

*R. B. Archibald*, for Appellant.

A brief statement of the above entitled cause is as follows:

On August 4th, 1886, J. C. Greeley gave Newton Whitehead his promissory note for $1,000, payable one year after date, * * payable at the "Florida Savings Bank." The note further provided that "if not paid at maturity it might be placed in the hands of an attorney-at-law for collection, and in that event an addition of $100 was to be paid for attorneys' fees." At the end of the year, and at the end of each year thereafter, Newton Whitehead called at the Florida Savings Bank and asked for his annual interest, but never presented the promissory note for payment. In fact he did not want the principal, preferring that it should be earning interest, until October, 1890, when, without having presented the note for payment, or in

any manner notifying J. C. Greeley, the defendant, that he desired payment, he began this suit. All these facts are set up in the defendant's plea, and are duly sworn to by the defendant. To this plea the plaintiff filed a demurrer, which demurrer the court below sustained, and from the judgment of the court entered thereon, the defendant appealed. The second ground for the demurrer is not a proper one, because it is a denial of an allegation in the plea, and therefore should have been presented in the form of a replication unless it be construed that the sum paid into court was "not the amount due," because the attorneys' fee of one hundred dollars was not included. The agreement signed by both counsel in this case shows that all that was claimed by the plaintiff was paid in and received by his saving the one hundred dollars now in controversy. The question before the court is this: In view of the allegations set forth in the defendant's plea, is the plaintiff entitled to a judgment for the attorneys' fees of one hundred dollars? We claim that a fair interpretation of the contract as presented by the terms of the note clearly implies that the note shall not be put into the hands of an attorney unless there is a default on the part of the maker to pay; that the payment of the $100 is in the nature of a penalty for a failure or refusal to pay as agreed: a sum of money intended by both parties to reimburse the payee in such amount as he would be compelled to pay by reason of having to pay an attorney to collect, owing to the fault of the maker to perform his contract. But in this case the maker alleges that he was not in default; that he was at all times, from the date of the maturity of the note to the date of suit, ready, willing and able to pay the note and interest as agreed, but that the plaintiff did not do as he had agreed, viz: present the note for payment

at the Florida Savings Bank. According to the English rule, and the rule in some American cases, a demand at the place named in the note is necessary to charge the maker. Randolph on Commercial Paper, vol. 3, sec. 1118. But we do not care to go so far in this case, as the American doctrine is broad enough for us to stand on. Our claim is simply this: If a place is named in a promissory note for demand or payment at maturity, then if the payee or holder brings suit upon it without presenting the same at the place therein named for payment, he can recover a judgment for the amount of said note, and interest at maturity of the same, but can not recover costs or any penalty, providing it appears that the maker was ready and willing at the time and place specified to pay the amount due. Randolph on Commercial Paper, 3d vol., sec. 1119, and cases cited; Wallace vs. McConnell, 13 Peters U. S. Rep. 143.

"Readiness to pay at the time and place named may be set up (by the maker of the note) in bar of damages and costs." Randolph Com. Paper, vol. 3, 1070. The court below held. (citing Randolph on Com. Paper, 3 vol., sec. 1077, page 59) that the payment of the interest as alleged in the plea was prima facie evidence of a sufficient demand. With all deference we can not see any reason for such opinion. On the contrary it seems more consistent with sound sense and reason to presume that if the holder of a promissory note repeatedly goes to the maker and asks for the interest and says nothing about the principal, appearing satisfied upon receiving the interest, that he does not wish the principal paid. But a glance at the pleading in this case will at once clear up this point. Suppose we admit that the payment of the interest is prima facie evidence of demand, the plea positively states that no

demand or presentment was made. The demurrer of course admits this allegation to be true. What then becomes of the prima facie evidence? In law it is completely rebutted. Then of course the rules of law which we have cited apply. "The effect or consequence of an omission or failure to make presentment was not to exonerate the maker from his promise to pay what he had agreed, but only to relieve him from damages in case he was ready at the time and place appointed to pay it, and there was no one there to receive the money. Such readiness is considered equivalent to a tender of the sum payable, and an answer pleading that fact, and a payment of the money due into court, would be a bar to recovery of interest and costs." Hiles vs. Place, 48 N. Y. 520, in 8th Am. Rep., page 568–570. That is exactly our position. We have alleged a readiness at the time and place; that at all times subsequent we were ready with the money to pay on presentment; and that when we filed the plea, we paid the money due into court. Now we submit we are entitled to go out of court without our paying either costs or penalty. See Bank of Charleston National Banking Association vs. Zorn, 14 S. C. 444, in Am. Reports 37, page 733–736 note.

*John E. Hartridge*, for Appellee.

MABRY, C. J.:

It is now the accepted doctrine in the United States that in a suit against the maker of a promissory note, payable at a particular time and place, it is not necessary to allege in the declaration a presentation for payment at the place named, or to prove such presentation at the trial in order to entitle the plaintiff to recover on such note. What was the English rule on the sub-

ject prior to the decision in Rowe vs. Young, 2 Brod.
& Bing. 165, rendered in 1820, is uncertain, as there
was great diversity of opinion on the subject among
English judges. It was at that time decided by the
House of Lords, that if a bill of exchange be accepted,
payable at a particular place, the declaration must
aver presentment at that place, and the averment must
be proved. It seems that prior to that time the King's
Bench had followed the rule now accepted by the
American courts. In 1839 the Supreme Court of the
United States decided, in the case of Wallace vs. Mc-
Connell, 13 Peters, 136, that in an action against the
maker of a note, payable at a particular time and place,
no demand for payment need be averred or proved;
and since that decision the American courts have been
practically unanimous in holding the same doctrine.
Reeve vs. Pack, 6 Mich. 240; Montgomery vs. Tutt, 11
Cal. 307; Caldwell vs. Cassidy, 8 Cowen, 271; Wolcott
vs. Van Santwoord, 17 Johns, 248, S. C. 8 Am. Dec.
396; Hills vs. Place, 48 N. Y. 520, S. C. 8 Am. Rep.
569; Payson vs. Whitcomb, 15 Pick. 212; Carley vs.
Vance, 17 Mass. 389; Lyon vs. Williamson, 27 Maine,
149; Armistead vs. Armisteads, 10 Leigh, 536; Wash-
ington vs. Planter's Bank, 1 How. (Miss.) 230, S. C. 28
Am. Dec. 333; Yeaton vs. Berney, 62 Ill. 61; Hum-
phreys vs. Matthews, 11 Ill. 471; Ripka vs. Pope, 5 La.
Am. 61, S. E. 52 Am. Dec. 579; 3 Randolph on Com-
mercial Paper, sec. 1117; Story on Promissory Notes,
sec. 228 and notes; Tiedeman on Commercial Paper,
sec. 310. While the American courts uniformly hold
that in a suit on a note against the maker, it is un-
necessary for a plaintiff to aver a presentation of the
note for payment at the time and place designated for
that purpose, it must not be supposed that the maker

34

can not set up as a matter of defense, so far as costs and damages are concerned, the fact that he was prepared with funds and ready to make payment of the note at said time and place, and that the holder was not there to receive the money. The theory of the American courts is, that the maker of the note, being the principal debtor, is still liable to pay, though the note be not presented at the time and place designated for payment, and that it devolves upon him to show as a matter of defense a readiness with the money at the time and place to meet the note, and such defense must be set up by plea, and can only be in bar of damages and costs. Such a plea, in order to be available, must allege that the maker was ready to pay the money at the time and place named; that he has ever since been ready there to pay the note, and that he brings the money into court for the plaintiff. Carley vs. Vance, and Lyon vs. Williamson, *supra*.

The first plea of the defendant below was clearly demurrable. It goes no further in its allegations than that the defendant, at the time and place named for the payment of the note, had the money ready to pay the same and interest thereon, and would have paid the same had it been presented for payment, which had never been done. It does not make a tender of the money in court, nor does it allege that defendant had ever since the note matured, been ready with the money to pay. It falls far short of the requisites of a good plea setting up such a defense. Forcheimer vs. Holly, 14 Fla. 239.

The second plea is more extensive in its allegations. It alleges that ever since the note became due defendant had the amount of money named therein and interest, at the designated place of payment, and had been ready and willing to pay the same, but the note was

never presented for payment; that plaintiff had always declined to present the note for payment, and requested payment of the interest thereon semi-annually, which was always promptly paid. Profert of the amount due on the note was made and paid into court. Conceding that the allegation as to the *profert in curia*, in reference to which there is no contention here, is sufficient, it is evident that the second plea is good under the rule of pleading above stated, unless the averment relating to the payment of interest after maturity of the note render it bad. It is insisted for appellee that the payment of the interest on the note after it matured, as alleged in the plea, was a waiver by the maker of any defense that he might have set up by reason of a failure on the part of the holder to present the note for payment, and the rule as to a waiver of protest and notice by payment, or promise to pay, on the part of an endorser of a note, is invoked. The rule is well settled that a payment on a note, or a clear and explicit promise to pay it after maturity, by an endorser, with full knowledge of the fact that it had not been presented for payment, operates as a waiver of such presentation and protest. Whitaker vs. Morrison, 1 Fla. 25, S. C. 44 Am. Dec. 627; Curtis vs. Sprague, 51 Cal. 239; Salisbury vs. Renick, 44 Mo. 554; Hughes vs. Bowen, 15 Iowa, 446; Smith & McCord vs. Curlee, 59 Ill. 221. The principle upon which the maker of a note is held liable is not exactly the same as that applicable to the liability of an endorser. The maker is the primary debtor, and, as we have seen, no presentation at all is necessary to hold him liable. But while this is true, he may show by way of defense, in a suit against him on a promissory note, payable at a particular time and place, that he was then and there ready with the money to make payment, and has ever

since continued so to be; and in that event, under proper plea with tender in court of the money due, he will not be liable for costs, damages or expenses of the suit.   In such a case he will have done everything under his obligation with the holder of the note to avoid costs, damages or expenses, and in justice should not be burdened with them.

It will be observed that the second plea alleges, in addition to the readiness of the maker to pay the note and interest at the time and place of payment, that the holder declined to present the note for payment, but requested payment of interest thereon semi-annually, which was promptly paid.   The note was past due something over three years when suit was instituted on it, and from the allegations of the plea it is inferable that both maker and holder of the note acquiesced in a postponement of its payment, upon the payment of semi-annual interest thereon, but it is not made to appear that the postponement was for any fixed time. The interest on the note was ten *per cent. per annum*, and it appears from the plea that, though the note was not presented for payment, semi-annual interest thereon was requested and paid.   This of course was a recognition, on the part of the maker, that the holder was entitled to interest on the note so long as he permitted it to run, but it was then past due, and was liable to be sued on at any time at the option of the holder. The contract in the note is, that if not paid at maturity, it may be placed in the hands of an attorney for collection, and, in that event, an additional sum of one hundred dollars for attorney fees was agreed to be paid.   The contingency expressed in the note, upon which the liability to pay the attorney fee depended, to-wit: the placing the note after maturity in the hands of an attorney for collection, is not denied; but the·

defense·in the plea is that the defendant was all the time ready at the proper place to pay the note, which ·was never presented for payment, but only the interest thereon demanded, and which was promptly paid.   If the plea had alleged that by agreement based on sufficient consideration the principal debt had been postponed for a definite time, and before the expiration of that time suit had been instituted, without presenting the note for payment, a different question would arise. But the plea here does not present such a defense.   It appears to us that the payment of the interest on the note after its maturity, for the length of time and under the circumstances stated, amounts to a waiver of any defense that the maker might have had by reason of the failure of the holder to present the note at the time ·of its maturity.   The right under the circumstances stated to cease paying interest on the note after maturity, by reason of a failure to present it at the time and place of payment would exist as well as an exemption from costs and expenses in the event of .a suit, but the plea expressly alleges that defendant continued to pay semi-annual interest on the note after maturity.   In the ·judgment of the court the second plea was also bad, and the court did not err in sustaining the demurrer to it.

The only questions here relate to the decision of the court on the demurrer to the pleas, and our conclusions thereon already stated results in an affirmance of the judgment of the Circuit Court, and an order will be ·entered accordingly.