THOMAS J. MYERS, APPELLANT, VS. WILLIAM E. McGAHAGAN.

1.  Under Chancery Rule 51, a judge may, upon overruling a demur- rer to a bill, limit the time for answering to a time within the next succeeding rule day, and if the defendant fail to answer within that time the bill may be taken as confessed and the cause be proceeded in accordingly. Such restriction of time rests in the sound discretion of the Chancellor, and will not be interfered with on appeal, unless it is shown there has been an abuse of this discretion.

2.  Parties moving to open decrees by default should show both reasonable diligence and a meritorious defence.

Appeal from the Circuit Court for Marion County.

The facts of the case are stated in the opinion.

*James D. McConnell,* for Appellant.

*Badger & McConathy,* for Appellee.

MITCHELL, J.  The appellant, Myers, being indebted to E. W. Agnew & Co., on April 11, 1881, gave to Agnew & Co. his note for $500, and mortgage to secure payment of the

same; and the appellant being indebted to Agnew & Co. in the further sum of $1,046.60, on May 10, 1884, gave Agnew & Co. his note for this amount, and mortgage to secure the payment of the same; these mortgages (the bill alleges) were for a valuable consideration, transferred to the appellee (complainant below), and the said amounts and the interest thereon being due and unpaid, complainant filed his bill alleging the making of the notes and executing the mortgages to Agnew & Co. by the defendant; the transfer of the same by Agnew & Co. to complainant, the non-payment of the indebtedness of the defendant to the complainant, and prays for foreclosure of the mortgages, &c.

The bill was demurred to, in that the bill does not contain the original promissory notes; because the bill does not contain a transfer of said promissory notes from E. W. Agnew & Co. to complainant; because the bill is not sufficient in law and equity.

On May 16, 1887, the demurrer was overruled, and defendant granted ten days to plead or answer, but the defendant failing to do either, afterwards, on May 17th, decree *pro confesso* was taken against him for want of a plea or answer, and on the same day a final decree was granted against the defendant for said several amounts, and also solicitors' fees and costs of suit.

Afterwards, on June 7, 1887, the defendant filed a motion to set aside the decree *pro confesso* and final decree, basing said motion upon affidavits filed by him. The defendant himself deposes, that he was not advised of the ruling of the court upon the demurrer which required him to plead or answer in ten days, and that without his knowledge the decree *pro confesso* and final decree were entered against him, and that he has a good defense against the claim of complainant by way of set off and other equitable grounds.

J. D. McConnell, solicitor for defendant, deposes, that he was absent when the demurrer was overruled and leave granted to plead or answer, and was absent sometime thereafter on professional business and was not advised of the ruling of the court on the demurrer, and owing to the fact that he was not so advised, he did not plead or answer as required, and that the decree *pro confesso* and final decree were entered without his knowledge. That the defendant has a good defense by way of set off supported by proof, and other equitable grounds, and that he is now ready to show the same to the court.

This motion was overruled August 19, 1887, and afterwards, on the 24th day of the same month, the defendant moved for a rehearing upon the motion to open decree *pro confesso* and final decree, which last motion was also overruled.

The grounds of this motion are, that on May 25th, solicitor for defendant inquired of the deputy clerks if there had been any ruling on the demurrer, but that he was informed that the papers had been sent to the Judge, at Gainesville, and had not been returned to the clerk's office; that said solicitor searched the clerk's office, and the papers in the case could not be found, and that his object in making such inquiry and search was that he could comply with any order of the court made in the case. That deponent did not embrace the foregoing in the motion to open the decree because he omitted it through inadvertance, thinking that the grounds set forth in the motion were sufficient to obtain the relief sought by him. That if he had found the papers in the case when he searched for them, he would have complied with the order of the court, and would have filed his answer, which answer would not only have pleaded a set off to the complainant's demand, but would have charged

that the mortgages sought to be foreclosed were illegal and void. To this motion the defendant's answer is attached. This motion was also overruled, and the defendant appealed.

The following assignment of errors is filed:

1. That the court erred in requiring T. J. Myers, the appellant, who was defendant in said court, to plead or answer in the ten days stated in said ruling, after overruling his demurrer.

2. That the court erred in granting a decree *pro confesso* and a final decree in said cause on the 27th day of May, 1887, previous to the rule day of June following.

3. The court erred in overruling the motions of defendant to set aside the decree *pro confesso* and final decree and reopen the cause for defense.

4. The court erred in refusing to allow the defendant to answer or plead in said cause.

5. The court erred in refusing to allow the defendant to file a set off.

6. The court erred in refusing to allow the defendant his day in court to attack said mortgages on the ground alleged in his answer.

7. Because the court erred, after good cause shown, in refusing to allow the defendant to file his answer.

8. Because the rulings of the court deprived the defendant of his constitutional rights and the remedy which the law grants him.

The first, second, third and fourth assignments of error may be considered together.

Under rule 51, Equity Practice, "upon the overruling of any plea or demurrer, the defendant shall be required to answer the bill or so much thereof as is covered by the plea or demurrer, by the next succeeding rule day, or at such other period as, consistently with justice and the rights

Thomas J. Myers v. William E. McGahagan—Opinion of Court.

of the defendant, the same can in the judgment of the court be reasonably done; in default whereof, the bill shall be taken against him *pro confesso*, and the matter thereof proceeded in and decree accordingly." It is contended that under the rule the defendant had till the next succeeding rule day to file plea or answer, but this is not correct. Upon the overruling of the demurrer the defendant had till the then following rule day to plead in, unless otherwise ordered by the court, but under the authority conferred by said Rule 5 , the court ordered the defendant to plead in ten days, and in making said order the chancellor evidently thought that under all the circumstances the order was consistent with justice to the complainant and the rights of the defendant. The rule is, that motions of this character address themselves to the sound discretion of the court, and the exercise of this discretion by the *nisi prius* court will not be interfered with by the Appellate Court, unless manifest injury has been done the party making the motion. We see no such injury in the case at bar. The appellant, at the time the motion was made, was in gross laches, and the only way out of the dilemma he found himself in was by motion to set aside the decree; and this motion, under the circumstances, was properly overruled.

What is said in reference to the motion to set aside the decree, applies also to the motion for a rehearing.

Upon a consideration of the whole case we fail to discover any error committed by the court below, and accordingly the decree is affirmed.