## Wytheville.

### LAWLER AND OTHERS v. FRENCH AND OTHERS.

June 15, 1905.

1. VENDOR AND PURCHASER—*Sale by Trustee—Suit to Set Aside—Case in Judgment.*—Upon the evidence in this cause it is held that the sale made by trustees, which was set aside by the trial court, is a valid sale. The trustees had authority to sell, the property was duly advertised, there was no collusion between the trustees and the purchaser, the price obtained was not so inadequate as to justify the court in setting it aside on that ground, and the grantor in the deed of trust practically ratified the sale after it was made by assigning the surplus purchase money to a third person.

2. APPEAL AND ERROR—*Objections Not Made Below.*—Objection that a trustee in a deed of trust was not authorized to sell because he had not been requested in writing to sell, as required by the deed of trust, or that the deed of trust was in fact a mortgage, because the trustee was interested in the debt secured, cannot be made in this court for the first time.

Appeal from a decree of the Corporation Court of the city of Alexandria in a suit in chancery. Decree for complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*Norton & Boothe, Douglas Stuart* and *M. J. Calvert,* for the appellants.

*C. C. Carlin* and *Edmund Burke,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The object of this suit was to enjoin the appellant, Lawler, from prosecuting an action of unlawful detainer to recover the possession of a house and lot purchased by him from the trustees in a deed of trust, executed to secure the payment of money loaned or advanced by a building and loan association to Robert W. French, one of its members, together with the dues and premiums on the borrower's stock, fines for the non-payment of such dues and premiums, and all taxes and assessments on the trust property during the continuance of the advancement; to set aside the sale and conveyance made by the trustees; and to have an accounting between the association and the borrowing member. The court upon the hearing of the cause granted the relief prayed for, and from that decree this appeal was allowed.

The grounds stated in the bill for having the sale and conveyance made by the trustees set aside are: (1) That at the time of the sale the complainant was not three months in arrears in the payment of dues, fines, interest or instalments payable to the association; (2) that the sale was ordered without notice to him or demand upon him for the payment of any dues, fines or interest, and was in fraud of his rights and contrary to the covenants and terms of the deed of trust; (3) that there were only four persons present at the sale besides the inmates of his house; (4) that his sister-in-law was present at the sale and instructed and directed a friend who was near her to make a bid in excess of the price at which the property was knocked off, which she thought had been communicated to the auctioneer, but by some mistake or misunderstanding was not cried; (5) that the price at which the house and lot were sold was grossly inadequate, and a fraud upon the complainant's rights, as the property was worth more than double the amount for which it was sold; (6) that the complainant believes and charges that there was fraud and collusion between the purchaser and the trustees, both conniving at the sale at small figures, and although

the complainant protested against the sale and offered to reimburse the purchaser, he declined to accept the money he paid for the property and that the whole transaction, so far as the purchaser and the trustees were concerned, was concluded in less than two days after the sale.

The trustees and purchaser demurred to and answered the bill. In their answers they deny all the material allegations relied on as grounds for setting aside the sale and conveyance except the statement in the bill that the complainant was not three months in arrears on his monthly dues, fines, interest or instalments. While the answers of the trustees admit that the complainant was not three months in arrears on account of his dues, etc., they aver that he had not paid the taxes upon the property for several years, and that immediately prior to advertising the property for sale by the trustees the building association had been required to pay and did pay the said taxes and assessments, amounting to the sum of $398.54, which the complainant, although often requested, had refused to refund. The trustees further state in their answer that after the sale and conveyance sought to be set aside the said French had ratified the sale by giving an order upon them for the balance of the proceeds of sale after satisfying the debt secured by the trust deed, and that they paid over the same to the assignee and had settled their accounts before the commissioner of accounts.

The complainant failed to prove the material allegations of his bill. There is not the slightest evidence of fraud or collusion on the part of the trustees and the purchaser. Although there were but few persons present at the sale, it was advertised in the manner prescribed by the trust deed in a newspaper of the city, of large circulation. The auctioneer bid on the property for the association a sum in excess of its debt, which was more than another person who had gone there to bid was willing to give for it. It was sold to the purchaser, Lawler, as the highest and best bidder. There was nothing in the condition of the weather to prevent persons from attending the sale, so far as

the record shows.   While the proof shows that the house and lot
cost much more than they were sold for, it further appears that
their location is a very undesirable one, and that such residential
property in that part of the city does not sell for anything like
its original cost.   It is by no means clear that the property, if
offered for sale again would sell for much, if any, more than the
price at which it did sell—at least there is no such inadequacy
of price shown as would justify the court in setting aside the
sale on that ground.

The clear preponderance of evidence is that the sister-in-law of
the appellee, French, who was present at the sale, did not bid
or authorize any one else to bid for her.

The allegation of the bill, that Mr. French, who was present
at the sale, protested against the sale, is not only not sustained
by the proof, but after the sale he assigned to a Mr. Andrews,
one of his creditors, so much of his interest in the proceeds of
the sale as was necessary to pay that creditor's debt.   It is true
that he and his assignee testify that the order on the trustees
was not understood to be an assignment, but was given merely
to secure the creditor, and that the paper was not intended to
be a ratification of the sale.   The conduct of both complainant
and the assignee is in direct conflict with this contention, and in
accordance with the plain provisions of the assignment, which
was written by an attorney and acknowledged before a notary,
for when the trustees, pursuant to the terms of the assignment,
paid the money to the assignee he received it without any claim
that the order did not entitle him to receive the money but was
a mere security for the debt; and Mr. French himself, after the
assignment had been given, made an effort to collect a part of
the said proceeds from the trustees, and when shown his assign-
ment to Mr. Andrews he said he had forgotten all about it.

The contention of Mr. French that the trustees in the deed
of trust advertised and made sale of the property before there
had been any breach of the bond for the money loaned, or the
deed of trust securing the same, is not borne out by the record,

By the terms of the trust the by-laws of the association of which the complainant was a member (art. IX, sec. 6) expressly provide that: "If any person who has received an advance neglects to pay interest, dues or monthly payments thereon for a period of three months from the time the same shall be due, or if he neglects to pay his insurance or taxes within ten days after they fall due, or to perform any condition or requirement contained in the obligation or security for such advance, then the whole principal mentioned in the mortgage, note or bond shall at once become due and payable without further notice, and proceedings may be commenced forthwith to foreclose said mortgage or to collect said bond or note, in such manner as the law directs, or as the board of directors may deem best for the interests of the association."

When the sale was advertised, the complainant had failed to pay his taxes for several years, and they had been paid by the association. This failure to pay his taxes was a violation of his contract with the association and gave it the right to have the property sold. The fact that the association had not earlier exercised that right was not a waiver of the right to have it sold for their non-payment.

Neither does the evidence sustain the contention that the association had agreed, when Mr. French paid up his other dues, to give him a longer time within which to pay his taxes than was given.

The appellee, French, asserts in his brief that the trustees made the sale without any request to them in writing by the building association and their sale was therefore an unlawful exercise of the powers conferred upon them by the deed of trust. He further contends in his brief that the conveyance under which the sale was made was in fact a mortgage and not a deed of trust, and that he is entitled to redeem the property. The ground upon which it is claimed that the conveyance is a mortgage, although in form a deed of trust, is that one of the trustees was a stockholder and an officer in the building association.

Neither of these contentions were made in the bill and no facts alleged upon which they can be based.   These questions not having been put in issue by the pleadings cannot be considered by the court.

Without discussing further the grounds relied on for the relief sought, it is sufficient to say that we are of opinion that the case made did not warrant the court in setting aside the sale. Its decree must, therefore, be reversed, the injunction dissolved, and the bill dismissed.

*Reversed.*