A. E. BEASON, Appellee, v. EARL C. JOHNSTON et al., Appellants.

**MORTGAGES:** Foreclosure—Acceleration of Maturity—Failure to
1   Maintain Repairs. A provision in a mortgage to the effect that a
    failure on the part of the mortgagor owner to keep the premises in
    repair shall mature the mortgage indebtedness is not violated by
    the good-faith removal by the mortgagor of a partition in a build-
    ing, in order to adapt the building to the use of a tenant.

**MORTGAGES:** Foreclosure—Waiver of Accelerating Provision. A

2   mortgagee may, of course, waive a delinquency on the part of the mortgagor which would, under the mortgage, mature the right to foreclose; and the fact that the mortgagee had knowledge of such delinquency and had many opportunities to warn the mortgagor of the result of such delinquency, *and did not do so*, has evidentiary value on the issue whether the mortgagee did waive such delinquency.

MORTGAGES:   Foreclosure—Doubts in re Accelerating Foreclosure.
3   Doubts will be resolved in favor of a mortgagor on the issue whether he has, by a specified delinquency, matured the entire indebtedness and thereby matured a right in the mortgagee to an *unconscionable* foreclosure.

*Appeal from Audubon District Court.*—O. D. WHEELER, Judge.

DECEMBER 15, 1922.

THIS is a suit of foreclosure of a mortgage for $10,000. A defense in abatement only was interposed. This was that the mortgage was not due. This defense was valid unless the due date of the mortgage had been accelerated by breach of conditions therein. There was a decree for the plaintiff, foreclosing the mortgage and appointing a receiver to take possession of the property and of its rents and profits. The defendant appeals.— *Reversed.*

*Mantz & White,* for appellants.

*L. C. Bagley, Charles Bagley,* and *L. L. Ryan,* for appellee.

EVANS, J.—The mortgage in question bore date April 15, 1920, and purported to secure 10 promissory notes for $1,000 each, of even date, and all maturing on April 15, 1925, with 6 per cent interest, payable annually. The mortgage provided that a breach of its conditions by the mortgagor should cause the whole amount to become immediately due. The notes also provided that they should bear 8 per cent interest after due. One of the conditions of the mortgage was that all taxes upon the property should be paid before becoming delinquent. Another condition provided that the property should be kept

1. MORTGAGES: foreclosure: acceleration of maturity: failure to maintain repairs.

in as good state of repair as it was at the time of the execution of the mortgage.

The defendant paid his interest due on April 15, 1921. He did not pay his first installment of taxes due the same year until September 30th. The foreclosure suit was begun on September 13th, without warning to the defendant. The plaintiff predicated the acceleration of the due date of the notes upon two alleged breaches of conditions: (1) the failure to pay the taxes; (2) the committing of waste upon the premises by the removal of a partition in the building.

There was no provision in the mortgage accelerating its due date on the ground of waste. If waste was in fact committed, to the detriment of the plaintiff's security, he had his remedy by injunction. There was, however, a condition providing for the keeping of the place in the same repair. The plaintiff contends that the committing of waste was a breach of the condition requiring that the building be kept in repair. The provision for an accelerating of the due date was in the nature of a forfeiture, and we are not prepared to say that the right to it accrued to the plaintiff for a mere failure to maintain satisfactory repairs, or for the making of changes in the structure upon the premises, where the same are made in good faith and for the purpose of utilizing the structure to the best advantage. Be that as it may, the action complained of at this point is the removal of a partition in the building which is said to have been essential to the support of the roof or of the walls. The mortgaged property consisted of a town lot, covered by a building 48x120 feet, and suitable for use as an automobile garage. It was divided into several compartments; one being a show room, another a storage room, another a repair shop, etc. The defendant abandoned the repair business, and rented two of the compartments to the National Guard for a profitable rental. In order to adapt it to the use of the lessee, it was necessary to remove the partition and to reduce the two compartments into one. The material composing the partition was lumber, and was all preserved upon the premises. We do not think that the removal of the partition constituted a breach of the condition pertaining to the maintenance of repairs. Nor are we ready to say that every change which a landowner may

make for his own convenience in the structures upon the mortgaged property will automatically cause the incumbrance thereon to fall due, as for the failure to maintain the *status quo* of the property in the interest of the mortgagee. We are of the opinion that the changes disclosed in this case would not render due the mortgage in question.

On the question of delinquent taxes, the defendant pleaded and testified that, shortly prior to the time when his first year's interest became due, he had a conversation with the plaintiff, wherein he advised the plaintiff that he had insufficient funds to pay both the interest and taxes, and whereby he requested the consideration of the plaintiff on that account; that the plaintiff thereupon suggested to him that he pay his interest, and that he postpone the payment of the first half of his taxes until the date when the second half would become due, and that he pay them all at that time; that this course was followed by the defendant, relying upon the conduct of the plaintiff as a waiver of the condition of the mortgage in that respect. This conversation testified to by the defendant is denied by the plaintiff. It is argued for the defendant that the denial of the plaintiff was less emphatic than the affirmance of the defendant, and that this ought to be considered in weighing their evidence respectively. We have no meter for the measuring of emphasis. If we had, we should hesitate to permit a witness to increase the weight of his evidence by the force or repetition of his statement. With the unaided eye, we are unable to see any special difference of emphasis between the two statements. We have only to consider at this point whether other circumstances tend to corroborate the one or the other. It appears that both of these parties were engaged in business in the town of Audubon, and that they saw and conversed with each other not infrequently. Though the plaintiff was not legally bound to warn the defendant of his delinquency in advance of declaring a forfeiture, yet such a warning was the creditable and usual thing which an ordinarily honorable man would have done under the circumstances. Concededly, the plaintiff never complained to the defendant as to his delinquency as to the taxes. He did complain of his removal of the partition. He testified also that

2. MORTGAGES: foreclosure: waiver of accelerating provision.

he was more moved to his declaration of forfeiture by the removal of the partition than by the delinquency of the taxes. We think this circumstance has some tendency to corroborate the defendant, in that it accounts for the failure of the plaintiff to complain of the tax delinquency, even though he did complain of other alleged delinquencies. He brought his action without any other warning or notice to the defendant. It appears also that, shortly before bringing this action, he had attempted to rent the building from the defendant. The rental offered by him was a little less than the rental asked by the defendant. The defendant testified that the plaintiff made a veiled threat to him at that time, in substance that he would not need to pay the rental demanded. This is denied by the plaintiff, and we are not disposed to treat the threat as proved. No complaint was made at this time of the delinquency of the taxes. We are not holding that the plaintiff was legally required to warn. We only hold that, where abundant opportunity for warning is given to the plaintiff and he refrains to warn, such action may become an evidentiary circumstance on the question of waiver, where there is other evidence tending to show such waiver.

There is another observation which we cannot ignore. The record herein discloses a case which, set in its background, is shocking to the normal conscience. The mortgaged property was sold by the plaintiff to the defendant in

**3. MORTGAGES: foreclosure: doubts *in re* accelerating foreclosure.**

March, 1920, for $16,000. The mortgage in suit was for part of the purchase money. The contract of sale contained the following provision:

"First mortgage above mentioned to run five years at 6 per cent per annum from April 15, 1920. Said sum of money shall be payable at Audubon, Iowa, with interest at the rate of 6 per cent per annum on all such sums as shall remain unpaid from and after April 15, 1920, said interest to be paid annually until all is paid."

There was nothing in the contract which provided for an acceleration of the due date. Those provisions were contained in the stereotyped plates which printed the notes and mortgage. The defendant was not obligated under his contract to include such provisions in the notes and mortgage to be executed pur-

suant thereto. For the purpose of showing the insufficiency of his security and of obtaining the appointment of a receiver to take possession of the property, the plaintiff testified to its value as $8,000, and that he had originally purchased it for $7,200. Evidence also was introduced that the defendant was heavily indebted to other parties, and in substance that he was insolvent. The net result was that, at the time of the trial and decree, the defendant was under no existing delinquency in relation to the notes and mortgage, though he had been delinquent as to payment of taxes; that the plaintiff obtained decree declaring his mortgage wholly due, and awarding him judgment for the full amount, with 8 per cent interest, and allowing a receiver to take immediate possession of the property and to collect the rents and profits. Apart from defendant's temporary delinquency as to the taxes, there was nothing in the record to sustain such relief, unless it be his considerable indebtedness outside of the mortgage, including a judgment against him in favor of the plaintiff for $3,100.

If the defendant had any chance before the decree to so use his property as to save himself from insolvency, he surely had none after the decree. We are setting up no standard of morals as an interference with the legal right of any litigant. But in the presence of such a state of facts, we are constrained to solve doubts both of fact and law against the claim of forfeiture. The claim herein of the acceleration of the due date and of increase of the rate of interest is the substantial equivalent of a claim of forfeiture. Upon the whole record, we think that the conflict of evidence between these parties on the question of waiver should be solved in favor of the defendant. This would mean an abatement of plaintiff's foreclosure suit. The decree entered below must, accordingly, be reversed. Whether decree should be entered in this court or in the district court upon remand will be considered upon motion by either party. Decree reversed.—*Reversed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.