SARAH L. CLARKE, BY GUSTAVE A. HANSON, HER NEXT FRIEND, *Appellant,* v. ANDREW J. KNIGHT, *Appellee.*

Opinion Filed November 23, 1923.

Petition for Rehearing Denied December 20, 1923.

1. The rule is well settled that a decree *pro confesso* will not be set aside or reopened except on a showing of both reasonable diligence, and a meritorious defense by the defendant.

2. A motion to vacate and set aside a decree *pro confesso* filed one month after entry of said decree *pro confesso*, the said motion to vacate having attached thereto an answer which on its face presents a meritorious defense is sufficient compliance with the rule that such motions make a showing of reasonable diligence and a meritorious defense.

This case was decided by Division B.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Affirmed.

*Shackleford* & *Shackleford,* for Appellant;

*Sparkman* & *Knight,* for Appellee.

TERRELL, J.—In a strong opinion by Mr. Justice Ellis, reported in 84 Fla. 485, 94 South. Rep. 671, will be found a complete statement of the facts in this case as presented by the pleadings.

The sole question presented on this appeal is whether or not the Circuit Court of Hillsborough County erred in and by its order dated March 14, 1923, setting aside and

vacating the decree *pro. confesso* entered herein, and permitting the defendant below to file his answer.

The rule is well settled that a decree *pro confesso* will not be set aside or re-opened except on a showing of both reasonable diligence and a meritorious defense by the defendant. Strickland v. Jewell, 80 Fla. 221, 85 South. Rep. 670; Keil v. West, 21 Fla. 508; Myers v. McGahagan, 26 Fla. 303, 8 South. Rep. 447; Turner v. Jones, 67 Fla. 121, 64 South. Rep. 502; Prout v. Dade County Security Co., 55 Fla. 816, 47 South. Rep. 12; Friedman v. Rehm, 43 Fla. 330, 31 South. Rep. 234; 10 R. C. L. p. 540; French v. Hay, 22 Wall. (U. S.) 231, 22 L. Ed. 799.

Was the showing of reasonable diligence and a meritorious defense made by the defendants? The mandate of this court in Clarke v. Knight, 84 Fla. 468, 94 South. Rep. 665, directing that decree *pro confesso* against defendant A. J. Knight be entered without prejudice to his right to move to re-open the same for good cause shown was filed with the Clerk of the Circuit Court of Hillsborough County, December 1st, 1922. On the same date the said mandate was filed complainant filed her motion for the entry of a decree *pro confesso* against the said defendant Andrew J. Knight, which motion was granted by the court and decree *pro confesso* entered on said last named date. On the first day of January, 1923, defendant Andrew J. Knight filed his motion to vacate and set aside the decree *pro confesso*, which motion was granted March 14, 1923, and on March 14, 1923, appeal was taken from the order granting said motion.

It will therefore be seen that exactly one month after plaintiff's motion for entry of decree *pro confesso* defendant filed his motion to vacate and set aside the said decree *pro confesso*, which would seem to be an exercise of reasonable diligence on the part of defendant. Counsel for

plaintiff contends that defendant was guilty of culpable negligence in that he failed or refused to plead, answer or demur to the bill of complaint on the rule day in June, 1921, as he was required by law to do, that he is now barred of any right to plead to the said bill of complaint, and that the order of the court vacating the decree *pro confesso* was error.

This court has great respect for the opinion of plaintiff's counsel, but in view of the language of the mandate and opinion in Clarke v. Knight, *supra*, and in view of the fact that prior to said decision the practice with reference to the disposition of motions attacking summons or service in chancery was not generally understood, we do not think that defendant should be charged with negligence in that he failed to plead, answer or demur during the time that elapsed from June 1st, 1921, to June 1st, 1923, the said last named cause being pending on appeal during that time.

The motion of defendant to vacate and set aside the decree *pro confesso* has attached thereto a proposed answer to the bill of complaint, which on its face seems to make the showing of a meritorious defense.

For the reasons as herein announced the order of the Circuit Court of Hillsborough County, dated March 14, 1923, vacating and setting aside the decree *pro confesso* and permitting the answer of the defendant A. J. Knight herein to be filed is hereby affirmed.

WHITFIELD, P. J., concurs.

WEST, J., concurs in the conclusion.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.