KREISS POTASSIUM PHOSPHATE CO., a Corporation; TAMPA TIDEWATER TERMINALS, INC., a Corporation, et al., *Appellants,* v. C. L. KNIGHT, *Appellee.*

En Banc.

Opinion filed November 22, 1929.

1006

*Treadwell & Treadwell,* for Appellants;

*Jackson, Dupree & Cone,* for Appellee.

DAVIS, Commissioner:

In this case the appellee on May 22nd, 1928, filed a bill of complaint for the foreclosure of a mortgage. On July 2, 1928, the appellants (defendants in the lower court) filed what purported to be their joint and several answer to the bill—the corporate seals of the defendants not being affixed thereto. On July 12, 1928, complainant filed a motion for the entry of a decree *pro confesso* against the defendants because of the failure of the defendants to plead, answer or demur to the bill on the rule day in July, 1928. Upon the same day the said motion was heard by the court and it was ordered, adjudged and decreed that the said paper was null and void and not an answer "in that it was not under seal of either or both of said corporations," and further "that a decree *pro confesso* be and the same is hereby entered against the said defendants, Kreiss Potassium Phosphate Company, a Corporation, and Tampa Tidewater Terminal, Inc., a Corporation."

On the 20th day of July, 1928, or eight days after the making of the order entering the decree *pro confesso,* the defendants filed a motion for the court to "open up and set

aside the decree *pro confesso"* reciting therein, in substance, that they had an absolute defense as against the mortgage sought to be foreclosed in said bill of complaint; that one Walter McNeil, who resides at Lakeland, Florida, was the executive officer of both defendants and had entire management and control of affairs of each defendant; that the solicitors of said defendants, prior to said rule day in July, prepared the said paper and forwarded the same to the said McNeil, with instructions to cause the same to be signed and to attach thereto the seals of both corporations; that the paper was duly received by the said McNeil and signed by him, but through oversight and without any intention of delaying the progress of said case, the seals were not attached thereto, and prayed that they be authorized and permitted to attach the seal of each defendant to the answer and to refile it with the seals attached. Accompanying the motion, as a part of it, was a letter addressed to the said McNeil from the attorneys of the defendants advising how the answer should be signed, that the seals of the corporations should be attached thereto, and that he file it in Tampa on the following Monday; and also an affidavit of Mr. McNeil, as follows:

"Before me, the undersigned authority, an officer duly authorized to administer oaths, personally appeared WALTER McNEILL, who first being duly sworn on oath, says: That the matters and things set forth in the above and foregoing motion are of his own knowledge true. Affiant further says that he received said answers from Treadwell & Treadwell, said solicitors of record for defendants, that he simply glanced at the letter which accompanied said answers and that that portion of said letter instructing that seals should be attached to answers was overlooked by him and in fact he has no recollection of having read that part of

the letter, that he did not know that the seals of corporations had to be attached to answers filed in chancery cases and when answers were received through the mail, he merely glanced at the short letter which accompanied the same, being of the impression that such letter was simply reciting the answers were being forwarded.

Affiant further says that said seals were not omitted intentionally with any purpose of delaying the case, but was done entirely through oversight and through lack of knowledge of necessity for such seals.''

This motion was heard before the circuit court judge on the 7th of October, 1928, and the same was overruled and denied by him.

The appellants assign as error the making of the order of July 12, 1928, striking the answer without notice and entering a decree *pro confesso;* but it has not been discussed in the brief and is therefore, treated as abandoned.

The second assignment of error attacks the order of the lower court overruling and denying the motion of the defendants to vacate and set aside the decree *pro confesso.*

Before a decree *pro confesso* properly entered should be set aside on motion of defendant the mover must not only show reasonable diligence but also a meritorious defense. A showing of reasonable diligence without meritorious defense or a meritorious defense without reasonable diligence is unavailing. Strickland et al. v. Jewell, 80 Fla. 221, 85 So. R. 670; Keil v. West, 21 Fla. 508; Myers v. McGahagan, 26 Fla. 303, 8 So. R. 447; Turner v. Jones, 67 Fla. 121, 64 So. R. 502; Prout v. Dade County Securities Co., 55 Fla. 816, 47 So. R. 12; Friedman v. Rhein, 43 Fla. 330, 31 So. R. 234; Clarke v. Knight, 86 Fla. 491, 98 So. R. 358.

The question of setting aside a decree *pro confesso* is addressed to the sound discretion of the court, which will

be exercised according to the circumstances of each case; but it should never be set aside where it is the consequence of the defendant's own negligence, and the exercise of this discretion will not be interfered with by appellate court unless there has been a gross abuse of that discretion. Strickland et al. v. Jewell, 80 Fla. 221, 85 So. R. 670; Prout v. Dade Co. Security Co., 55 Fla. 816, 47 So. R. 12.

In the showing made by the defendants in the application to open up and set aside the decree *pro confesso,* it is said that the answer was inadvertently filed without being under seal; that the answer was received by the executive officer of the corporations with a letter of instructions from their attorney and they were duly signed by him, but through oversight and without any intention of delaying the case, the seals were not attached thereto.

It is true that this Court has used the rather broad language that a decree *pro confesso* should never be set aside where it is the consequence of defendant's own negligence, and it is likewise true that "inadvertence" or "oversight" is due to negligence in some degree; but it is also true that this Court has held that the discretion of the Court will not be exercised where there has been *inexcusable* negligence in the applicant (Sutton v. Zewadski, 70 Fla. 379, 70 So. R. 433; Turner v. Jones, 67 Fla. 121, 64 So. R. 502), which implies that the courts will not always be justified in refusing to open up decrees *pro confesso* where there has been negligence on the part of the applicant. Reasonable diligence is all that is required, provided, of course, a meritorious defense is shown. Clarke v. Knight, 86 Fla. 491, 98 So. R. 358; Strickland v. Jewell, 80 Fla. 221, 85 So. R. 670; Peoples Realty Co. v. S. C. Co., 78 Fla. 628, 83 So. R. 527; Keil v. West, 21 Fla. 508; Myers v. Magahagan, 26 Fla. 303, 8 So. R. 447; Taylor v. Brown, 32 Fla. 334, 13 So. R. 957; Prout v. Dade Co. Sec. Co., 55 Fla. 816, 47 So. R. 12.

It is not difficult for us to perceive how a business man, though accustomed to executing papers for a corporation of which he is an executive officer (many of such papers not requiring the corporate seal to be affixed thereto), will fail to appreciate the importance of affixing the corporate seal to an answer in a chancery suit, even though he has received a letter of instructions from an attorney advising that the corporate seal should be affixed to the answer, for we all know that it is not uncommon for such letters to be read hurriedly, and that some matter is often overlooked. Under the circumstances of this case, we are persuaded to believe that the chancellor should have exercised his discretion in opening up and setting aside the decree *pro confesso,* and permitted the defendants to affix the corporate seals to, and refile the answer, if it contained a meritorious defense.

It has been seen that before a decree *pro confesso* should be set aside the defendant should show a meritorious defense. We must, therefore, determine whether or not the alleged answer sets up a defense. The mortgage, the original of which was attached to and made a part of the bill of complaint, contained the following provision:

"And if default shall be made in the payment of the said sum of money, or any part thereof as provided in the said note, or if the interest that may become due thereon or any part thereof shall be behind and unpaid for the space of thirty days, then and from thenceforth it shall be optional with the said party of the second part, his executors, administrators or assigns to consider the whole of said principal sum expressed in said note as immediately due and payable."

Complainant alleges in the bill that he "has heretofore under the terms of the said mortgage, and does hereby elect

to declare the whole of said indebtedness as represented by said notes and secured by said mortgage as immediately due and payable." Until the holder of the mortgage exercised this option, though payments of interest and taxes were past due, the defendants had the right to make a tender of such payments, and if a proper tender was made and kept good the right of the complainant to declare the principal sum due and payable was thereby defeated and the suit to foreclose the mortgage was prematurely brought. Trinity Co. Bank v. Bass (Cal.), 91 Pac. R. 385; Clark v. Paddock (Idaho), 46 L. R. A. (N. S.) 475, 132 Pac. R. 795; Gunby v. Ingram (Wash.), 106 Pac. R. 495. The complainant could not just in his own mind determine to exercise the option, and make it effective against the defendants. It was incumbent upon him to either communicate his decision in some way to the defendant, or manifest his election by some outward act. Gunby v. Ingram (Wash.), 106 Pac. R. 495; Lee v. Security Co., 124 Tenn. 582, 139 So. W. R. 690; Trinity County Bank v. Hass (Cal.), 91 Pac. R. 385.

No facts are set up in the answer that will justify us in concluding that there was a tender of payment of the interest due on the principal indebtedness. It is alleged that "defendants advised complainant that they stood ready, able and willing to pay unto complainant the past due interest," etc., "which offer the complainant did not accept, neither did he refuse"; that thereafter the defendants on two separate occasions again "offered to pay all interest due" and they charge that their "offer to pay the interest and taxes aforesaid was made prior to exercise on his (complainant's) part of the option contained in the mortgage to declare the entire amount due. These allegations do not show a "tender" by the defendants. It is not shown that money was produced at the time of the offer, nor that there

was a continued readiness, ability and willingness of the defendants to pay, or that the amount was being paid into court at the time of filing the alleged answer. No mention is made in the answer of the times when the alleged offers were made nor of the amount offered to be paid.

"Tender" has a definite legal signification. It imports not merely the readiness and ability to pay the money or to deliver the deed or other property, at the time and place mentioned in the contract, but also the actual production of the thing to be paid or delivered and an offer of it to the person to whom the tender is to be made. Holmes v. Holmes, 12 Barb. (N. Y.) 137, 144; 38 Cyc. 131; Hunt on Tender, 3.

A pleading setting up tender of payment in money as a defense to a suit, to be good must show a production of the money to be paid and offer it to the person to whom it should go, and that the debtor has ever since been ready to pay. A mere offer to pay is not a tender of money. Lindsay v. Matthews, 17 Fla. 575, 589; Greeley v. Whitehead, 35 Fla. 523, 17 So. R. 643.

Furthermore, the pleading must be accompanied by a payment of the money into the court. Forcheimer v. Holly, 14 Fla. 239; Matthews v. Lindsay, 20 Fla. 962; Caruthers v. Williams, 21 Fla. 485; Spann v. Baltzell, 1 Fla. 301; Greeley v. Whitehead, 35 Fla. 523, 17 So. R. 643; Haughey v. Reany, 89 Fla. 102, 103 So. R. 400; Matthews v. Lindsay, 20 Fla. 962.

It is quite generally held, as it is in Florida, that the institution of a suit for foreclosure is the exercise of the option of the mortgagee to declare the whole of the principal sum and interest secured by the mortgage due and payable. Prince v. Mahin, 73 Fla. 525, 74 So. R. 696; Graham v. Fitts, 53 Fla. 1046, 43 So. R. 512; 41 C. J. 849; Corlett v. Wood, 81 Fla. 510, 88 So. R. 268.

The allegations of the alleged answer being insufficient

to show a tender of the amount due prior to the exercise of the option by the mortgagee, it remains for us to determine whether the answer shows a waiver of the option to accelerate the payment of the principal sum.

In the instant case, the defendants in their proposed answer, do not show an express waiver in that it is not made to appear that there was a meeting of the minds of the parties interested. It is true, it is alleged in the answer that the complainant made no objection to the partial payments only of the interest that was due on January 8, 1927, when he accepted partial payments, ''but stated to these defendants that he thought he would be entitled to 8% interest on the balance due for interest; and the interest that was due July 8, 1927, was handled in like manner and also the interest that was due January 8, 1928, and complainant *never at either of the interest paying dates aforesaid indicated* or in any way intimated that he was intending to or expected to declare all the notes secured by the mortgage aforesaid due and payable for the failure on part of these defendants to pay the interest money aforesaid, but on the other hand *specifically stated* to these defendants that *it would be agreeable to carry said interest on basis of defendants paying unto complainant 8% on said past due interest.''*

There is no allegation that defendants agreed to pay this interest on interest, nor is there anything to show any other consideration flowing to the complainant for an extension of time for interest payments. Such agreement must be founded upon a valuable consideration. 1 Wiltsie on Mortgage Foreclosure, 4th ed. 256; Freund v. Weisman (N. J.), 137 Atl. R. 885, 53 A. L. R. 522 and note, page 526.

A mere agreement for delay for no definite time and without consideration is not enforceable. Mitchell v. Harper, 80 Fla. 338, 86 So. R. 246, 247, and authorities therein

cited. See also Am. Security Co. v. Goldsberry, 69 Fla. 104, 123, 67 So. R. 862.

This brings us to a consideration of the question: Does the answer show a waiver by conduct that will estop the complainant from exercising his option under the acceleration clause of the mortgage? The pleadings show that a part of the interest due January 8, 1927, had not been paid; that the interest that fell due on July 8th, 1927, was not paid with the exception of the interest on two of the notes and that no part of the interest that should have been paid on January 8, 1928, has been paid by the defendants; that the defendants failed to pay the taxes for the years 1926 and 1927. It also appears by the pleadings that the complainant did not as the several defaults occurred "immediately" exercise his right to declare the principal sum and interest due and payable. In addition to such failure of the complainant to accelerate the maturity of the debt, we find that the defendants, subsequent to the execution of the mortgage, expended large sums in the development of the property mortgaged by filling in, buiding docks, wharves and cutting slips, and while it does not so appear, we might well assume from the nature of the improvements, that this work was being carried on after the first default under the contract. It also appears that adjacent property belonging to the complainant greatly increased in value by reason of such improvements and that the complainant had stated to defendants that "it would be agreeable to carry said interest on basis of defendants paying unto complainant 8% on said past due interest."

In Wheeler & W. Mfg. Co. v. Howard (C. C.), 28 Fed. R. 741, Mr. Justice Brewer said: "Where a mortgage provides that upon default in the payment of either of the notes secured thereby, all shall become 'immediately' due at the option of the holder, 'immediately due' means 'im-

mediately upon or after the holder's election and he is not bound to elect immediately after default'.'' See also Damet v. Aetna Life Ins. Co. (Okla.), 5 A. L. R. 434, 179 Pac. R. 760.

Waiver does not arise from forbearance for a reasonable time, but may be inferred from the mortgagee's passive acquiescence, from his knowledge of the sale of the property in violation of a condition, without making objection, from acts putting the debtor off his guard and leading him to believe that the right has been waived, or from his neglect to perform conditions binding on him, and on which his right to take advantage of the default is predicated; but not generally from loose declarations which he is under no obligations to make and on which no person relies to his prejudice. 41 C. J. 860. Beason v. Johnston, 194 Iowa 1100, 191 N. W. R. 311; Lawrance v. Ward (Utah), 77 Pac. R. 229; Cong. Church B. Society v. Osborn (Cal.), 94 Pac. R. 881; First Fed. Tr. Co. v. First Nat. Bank, 297 Fed. R. 353.

A mortgagee may by his conduct, inducing others to believe and act upon the belief that he will not enforce his mortgage, be estopped as to them from so doing. 41 C. J. 869.

The apparent weight of authority seems to support the doctrine that under an acceleration clause like the one in the instant case, the mortgagee has a reasonable time after default in which to elect to declare the whole of the principal sum due, and that if he does not so elect within a reasonable time, he will be deemed to have waived his right to exercise his option. See note 5 A. L. R. 437.

However, in a number of jurisdictions the reasonable time rule has been rejected, the courts holding that the right to exercise the option exists as long as the default continues and the right to foreclose is not waived unless

the delay operates to the benefit of the holder of the mortgage or to the detriment or loss of the mortgagor. Kansas Loan & Tr. Co. v. Gill, 2 Kans. App. 488, 43 Pac. R. 991; Atkinson v. Walton, 162 Pa. St. 219, 29 Atl. R. 898; Swearingen v. Lakuer, 93 Iowa 147, 26 L. R. A. 765, 61 N. W. R. 431; Union Tr. Co. v. N. J. W. & L. Co., 93 N. J. 562, 117 Atl. R. 155; Hewitt v. Dean, 91. Cal. 5, 27 Pac. R. 423; 41 C. J. 462; Damet v. Aetna Life Ins. Co. (Okla.), 179 Pac. R. 760, 5 A. L. R. 434.

If we adopt either view—that sanctioned by the apparent weight of authority or the other view above referred to, it is our judgment that the facts and circumstances set up in the bill of complaint and alleged in the answer in the instant case show that the complainant waived his right to accelerate the maturity of the debt because of the non-payment of the several installments of interest and non-payment of the taxes for the year 1926.

The question that has given the writer of this opinion much concern is the default in payment of taxes for the year 1927, which under the law became delinquent on the first day of April, 1928. The bill of complaint was filed on May 22, 1928, which was within a reasonable time after such default occurred.

It is a general rule that the fact that a mortgage is not foreclosed on the first default in payment does not prevent a foreclosure for a subsequent default since such indulgence can not affect a right not yet accrued. Bower v. Stein, 177 Fed. R. 673; Washburn v. Williams Co., 50 Pac. R. 223; Berrinko v. Traphagan, 39 Wis. 219.

This principle applies with equal force to the non-payment of taxes. Parker v. Oliver, 106 Ala. 549, 18 So. R. 40; Lawler v. French, 104 Va. 140, 51 So. E. R. 180.

If there was nothing in this case to appeal to the conscience of a court of equity but the non-action of complain-

ant upon prior defaults in the payment of taxes and interest installments, we would say without hesitation that the answer does not set up a meritorious defense; but when we find in addition to non-action of the holder of the notes and mortgage towards accelerating the maturity of the obligation, that the proposed answer alleges that the value of the property because of the improvements is approximately twelve times the amount of the debt at the time of filing of bill of complaint, with the possibility that the improvements were being made, or that the work was being done, while the defendants were in default, and it is further alleged that the complainant stated that ''it would be agreeable to carry said interest'' on basis of defendants. paying to him 8% on past due interest, we can not say that the defendants were not lulled into security and led to believe that such payments would not be insisted upon without notice to them or by some outward act of the complainant manifesting his intention to declare the whole amount due unless interest and taxes were paid. In arriving at this conclusion we have not lost sight of the allegation of the answer that ''the complainant finally advised these defendants he did not care to accept payment of said *interest* but that he intended to declare the entire amount due that was secured by the mortgage, and thereafter said complainant proceeded to file the bill in this cause and attempt to declare under the circumstances hereinbefore set forth, the money that will not be due for eighteen years, due and payable at this time.'' The defendants, having offered to pay ''all interest due and all taxes,'' the advice of the complainant that he did not care to accept the *interest* and that he intended to declare the entire amount due, made it unnecessary for the defendants to move further in the matter of interest and taxes until

they. were given an opportunity to pay without having the principal sum accelerated.

A court of equity is a forum for the administration of right and justice, and in view of the circumstances disclosed by the record in this case, we do not believe that it will be right or just to permit the complainant to accelerate the maturity of the notes given for the principal sum without giving the defendants an opportunity to pay the amounts which they were in duty bound to pay under the contract if no default had occurred.

It follows that the judge of the lower court should have vacated the decree *pro confesso* and permitted the defendants to affix the corporate seals to the answers and re-file the same.

In so holding we are not committing the Court to the sufficiency of the allegations in the answer not discussed in this opinion as defensive matter.

This cause will be remanded to the lower court with directions that if the interest and that part of the principal debt that is due under the terms of the mortgage together with all taxes on the property be paid within a reasonable time to be fixed by the circuit judge after the going down of the mandate, the decree shall stand reversed for appropriate proceedings. Otherwise, the decree of the lower court will stand affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that this cause be remanded to the lower court with direction that if the interest and that part of the principal debt that is due under the terms of the mortgage together with all taxes on the property be paid within a reasonable

time to be fixed by the circuit judge after the going down of the mandate, the decree of the circuit court shall stand reversed for appropriate proceedings; otherwise, the said decree of the circuit court will stand affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, BROWN AND BUFORD, J. J., concur.

STRUM, J., dissents.