PER CURIAM.
As holders of certain first mortgages, the plaintiffs, Hugh H. Harrell and Margaret Harrell, his wife, sought to foreclose them against parcels of land owned by Daniel Lombard, a defendant, upon which lands second mortgages were held by Ernest Fuld and Rosalyn Fuld, his wife, Ben H. Barbour, Jr. and Mildred D. Barbour, and Joseph Sassano, also defendants. The chancellor declined to grant a decree of foreclosure, and because of this, the appeal has ensued.
At the time of the institution of the foreclosure suit, the first mortgages were in default; and notice of acceleration had been given to the defendant-owner of the properties. The first mortgages provided that the defendant Lombard should pay all costs and expenses of foreclosure, including reasonable attorneys’ fees.
The foreclosure was resisted. After final hearing, the chancellor determined that waiver and estoppel existed between the plaintiffs and the defendants-second mortgage holders precluding acceleration, but that none existed as between the plaintiffs *626 and the owner Lombard. However, the court required that the second mortgagees, within ten days, bring the plaintiffs’ mortgages to a current status, including the payments of insurance. In addition, the court determined that the plaintiffs were not entitled to attorneys’ fees for services of their counsel, ordered that the court costs be borne proportionately by the respective defendants, and also directed that certain sums which had been paid into the registry of the court toward mortgage payments be turned over to the plaintiffs. The decree further provided that upon the second mortgagees’ failure to pay the sums specified, the properties should be sold at a foreclosure sale pursuant to an order to be entered subsequently by the court.
The chancellor’s decision that plaintiffs had waived or become estopped from enforcing the acceleration clause of the mortgages as to the defendants-second mortgage holders was based upon correspondence and negotiations, together with plaintiffs’ conduct in the acceptance of certain payments.
Lombard, the owner, did not appeal. After filing their brief on appeal, Ernest Fuld and his wife reached an amicable settlement with the plaintiffs, and the appeal has been dismissed as to them.
In substance, it is the plaintiffs’ position that the chancellor failed to interpret correctly the legal effect of the evidence and to apply the correct principles of law. The judicial forum of the cause was a court of equity. Dealing with waiver and estoppel as to a mortgage acceleration clause, the principle long has been declared that a holder of a mortgage may, through his conduct, induce others to believe and act upon the belief that he will not enforce his mortgage and may thereby become es-topped, as to them, from so doing. See Kreiss Potassium Phosphate Co. v. Knight, 1929, 98 Fla. 1004, 124 So. 751.
The decision of the chancellor comes to this court with the presumption of correctness, and we are unable to say that the appellants-plaintiffs have demonstrated reversible error.
Affirmed.
ALLEN, C. J., KANNER, J., and REVELS, P. B., Associate Judge, concur.