145 So.2d 755 (1962)
Arthur F. KOSCHOREK and Helen M. Koschorek, His Wife, Appellants,
v.
Patricia Jayne FISCHER, Appellee.
No. 3490.
District Court of Appeal of Florida. Third District.
October 19, 1962.
*756 Joel Miller, Fort Lauderdale, for appellants.
John A.W. Camillo, of Watson, Hubert & Sousley, Fort Lauderdale, for appellee.
KANNER, Judge.
Interlocutory in nature, the present appeal emanates from the chancellor's order denying a motion by appellants, the plaintiffs-mortgagees, for summary decree. The suit, seeking final decree of foreclosure for the entire indebtedness, together with attorneys' fees and costs, was instituted under an acceleration clause against the appellee, defendant-mortgagor, because of non-payment of an insurance premium.
Principal sum of the mortgage indebtedness was $12,450. Payments of monthly installments of $85 began on January 2, 1961, and were to continue until December 2, 1970, at which time the unpaid balance shall be due. The subject mortgage provided that insurance premiums be paid by the mortgagor and that, upon mortgagor's failure to do so, mortgagee might pay the same without waiving or affecting the option to foreclose.
Apparently, nearly eleven months elapsed, with the monthly payments being made when due; then in the latter part of November, 1961, the insurance premium came due in the amount of $47.52. On February 22, 1962, this premium was paid by plaintiffs. In November and December, a representative of the insurance company sent statements to defendant. Defendant took out insurance with another company on March 13, 1962, which policy was subsequently *757 rejected by plaintiffs. They say that this also was cancelled for non-payment; defendant has indicated otherwise. On April 4, 1962, plaintiffs made a demand of the defendant for payment of the premium. Plaintiffs filed their complaint on May 11, 1962, electing to accelerate the entire indebtedness. Process upon defendant was accomplished on May 14, 1962. On or about May 15, 1962, defendant by check tendered payment of the premium amount. This was refused by plaintiffs through letter of May 18, stating that they had elected to accelerate.
There is no contention that there was any default other than that represented by the single insurance premium non-payment. It is the position of plaintiffs that the chancellor, as a matter of law, should have granted their motion for summary decree because the default was alleged and proved. Their view is that equity should not consider payments on a debt for which the debtor is given credit, made while the creditor is allowing the debtor to rectify a default as a defense, and that to do so would penalize a mortgagee who does not accelerate immediately. Defendant urges, on the other hand, that after the default, plaintiffs' knowledge of which is not in dispute, she continued to make monthly payments of $85 each month from December, 1961, through May, 1962, the month in which the suit was instituted, and that because these were accepted and retained, defendant was led to believe that plaintiffs had waived their right to accelerate. They argue that it would be unconscionable for plaintiffs to be permitted to reap benefits of payments on the mortgage during the default period in excess of ten times the default, then seize the advantage offered through acceleration.
The fundament of defendant's resistance to the motion for summary decree by plaintiffs is primarily the defense of waiver and estoppel. It is well to mention certain guiding principles of law as these concern acceleration of mortgage indebtedness because of default or breach of terms or conditions of the instrument. A longestablished principle with respect to waiver and estoppel is that, through his conduct, a holder of a mortgage may induce others to believe and act upon the belief that he will not enforce it and, because of this, may be estopped from doing so, as to them. See Kreiss Potassium Phosphate Co. v. Knight, 1929, 98 Fla. 1004, 124 So. 751; Harrell v. Lombard, Fla.App. 1960, 122 So.2d 625. Under an acceleration clause, if a mortgagee does not choose within a reasonable time after default to declare the whole of the indebtedness due, he will be deemed to have waived such right, especially where such delay operated to the advantage of the mortgagee or to the detriment of the mortgagor. See Gus' Baths v. Lightbown, 1931, 101 Fla. 1205, 133 So. 85, 135 So. 300. A chancellor has a right to deny mortgage foreclosure predicated upon acceleration where substantial equities operate to render the acceleration unconscionable. See Lieberbaum v. Surfcomber Hotel Corp., Fla App. 1960, 122 So.2d 28.
The judicial forum of this cause was a court of equity, and the proceeding was for summary decree. The burden which devolved upon plaintiffs upon their motion was an exacting one. Factual issues may not be tried or resolved in a summary decree proceeding, and the burden of showing absence of any genuine issue as to material facts is upon the movant for summary decree, with all reasonable inferences of fact from proofs proffered being drawn in favor of the adversary and against the movant. Groner-Youngerman, Inc. v. Denison, Fla.App. 1959, 117 So.2d 210. The strictures imposed by that burden have not been surmounted. The chancellor ruled properly in denying plaintiffs' motion for final summary decree.
Affirmed.
ALLEN, Acting C.J., and WHITE, J., concur.