GLICKSTEIN, Judge,
concurring specialty-
The writer would affirm on the basis of waiver and estoppel, rather than gift; so the result is the same reached by the trial court, but from a different route.
*71 The facts are not unique. The plaintiff father-in-law provided the funds for the defendant daughter-in-law and her husband, appellees here, to purchase a home. The happily married duo executed a note in 1973 for $11,500, which was to be paid by annual installments of $1,000, plus interest. The plaintiff never pursued any legal action until love had flown from the children’s window, over a decade later.
The plaintiff testified that he always demanded payment throughout the marriage. The ex-daughter-in-law testified that her father-in-law told her and her husband that he never expected repayment; and that he never asked for any payment until 1982.
In the writer’s view, affirmance is justified here because reversal would put our imprimatur upon this parent’s holding a loaded financial gun over the head of his child’s spouse and firing it when the dissolution bell rang. He should have fired when default occurred in 1974, not ten years later. Ample authority supports a conclusion to preclude foreclosure based on waiver and estoppel. Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751 (1929). Unreasonable delay following a default will operate to estop a mortgagee from exercising a right to foreclose. See Kosckorek v. Fischer, 145 So.2d 755 (Fla. 2d DCA 1962). Silence of the mortgagee may be more telling here than delay; and there is substantial competent evidence of that, which matches up with common sense. Scotti v. Maysles, 202 So.2d 817 (Fla. 3d DCA 1967).
In short, affirmance is grounded upon authority; and well it should be when there is a lot more than coincidence in the simultaneous failure of the children’s marriage and the in-laws’ foreclosure. How can the law support parties traveling in opposite directions and benefitting from both moves? Had the plaintiff attempted foreclosure when his son and daughter-in-law were happily married in 1974, would any reasonable person believe that his son would fail to defend against the foreclosure, as he failed to do in the 1984 foreclosure action?