HARRY LAWRANCE, Appellant, v. PATRICK J.
WARD and NORA WARD, his wife, CAROLINE
LARSEN and H. P. LARSEN, Respondents.

No. 1562.    (77 Pac. 229.)

**Bills and Notes: Place of Payment: Change: Default: Es-
toppel.**
A note secured by mortgage provided for payment of interest
in quarterly installments at a certain bank, and that on
default in such payment the principal and all interest
should become due at the option of the holder. On trans-
ferring the note to plaintiff he requested the obligors not
to pay the interest at said bank, stating that he would call
for it. *Held,* that on plaintiff's failing to call for the in-
terest he was estopped from enforcing the terms of the
note.

(Decided June 27, 1904.)

Appeal from the Third District Court, Salt Lake
County.—*Hon. Wm. C. Hall,* Judge.

Action to foreclose a mortgage given to secure a
certain promissory note. From a judgment in favor of
the defendants, the plaintiff appealed.

AFFIRMED.

*C. S. Patterson, Esq.,* and *Geo. W. Moyer, Esq.,*
for appellant.

*Messrs. Powers, Straup & Lippman,* for respond-
ents Wards.

BASKIN, C. J.—In this action the appellant sought
to foreclose a mortgage on certain real estate. The
complaint was dismissed in the lower court. It appears,

in substance, from the evidence, as also from the findings of fact, that the mortgage was executed by the respondents to secure the payment of a promissory note, with interest, made by them, the principal being payable in three years, and the interest thereon in quarterly installments, at the Zion's Savings Bank, Salt Lake City, Utah. The note contained a provision that, in case default should be made in the payment of the interest, the principal and all accrued and unpaid interest should at once become due and payable at the option of the holder of the note. Before the first installment of interest became due, the note and mortgage were transferred to the appellant, who, being a non-resident, and absent from this State, was represented by and acted through his agent, Addison Cain, of Salt Lake City. On the same day the transfers were made Cain called upon the respondents at their places of business in Salt Lake City, and upon exhibiting the note to them said that he had bought the note, and requested them not to pay the interest at the Zion's Savings Bank, and that he would call for it at the respondents' place of business when the same became due. To this the respondents agreed. Relying upon this arrangement, the respondents did not pay, at said bank, the first installment of interest, $24.50, which became due November 12, 1902, but were then ready, willing, and able to pay the same whenever called for by Cain, and would have paid it at said bank if the place of payment had not been changed at the request of Cain. Cain never called for the interest at respondents' place of business, as he had agreed to do, and, the respondents not having paid the same, they received, on the twenty-sixth of November, 1902, the following letter, to-wit:

- "Salt Lake City, Utah, Nov. 24, 1902.
"Patrick J. Ward and Nora Ward, City—
    "Dear Sir and Madam: Your note of Aug. 12,
'02, has been declared due and payable by the holder thereof by reason of the non-payment of the interest

thereon.  Kindly call and see me at once in regard to the same as I am unable to get out your way.

"Truly yours,

"ADDISON CAIN."

To this the respondent P. J. Ward immediately replied by letter, as follows:  "If you wish to see me please call at my place of business, as I cannot leave my business to go so far away, and oblige."  On the twenty-eighth of November Cain answered:  "Would like to accommodate you, but am very busy.  Your loan was sent by Mrs. Lawrance to Patterson & Moyer for interest collection.  You better see them as it might put you to expense otherwise."  On the twenty-ninth of November Ward sent the following letter to Cain:  "Find enclosed check for $24.50 for interest on mortgage.  You said when you were here you would call. for the money, and we have had the same since the twelfth awaiting your call.  Who is this Mrs. Lawrance of whom you speak?"  Cain, at the time he called upon the respondents and told them that he had purchased the note, did not disclose his agency, and they were not informed of the appellant's connection with the transaction until the institution of this suit.  The respondent P. J. Ward had money in the bank upon which the check sent to Cain was drawn, and it would have been paid upon its presentation.  Cain failed to present the check for payment, and it was retured to Ward, and on the same day that it was sent to Cain this suit was commenced.  Upon the return of the check the interest due was tendered by the respondents to the Zion's Savings Bank, but. as the note had not been left with the bank, and it knew nothing of the transaction, and had not been requested or authorized to receive any such payment, it refused to receive the interest so tendered. Afterwards, on two occasions, respondents tendered to Cain the interest due.

As no arrangement with the Zion's Savings Bank for the payment of the interest then due was made, and

the place of payment was changed at the request of the agent of the appellant, who transacted the business for and in behalf of his principal, the respondents were not in default. Under the facts disclosed the appellant cannot, in good conscience, claim that there was any default. By the law of estoppel, one who by his language or conduct induces another to do or omit that which he would not otherwise have done or omitted to do, is estopped from asserting any claim or maintaining any action against him who is so misled, on account of any act or omission of the latter so induced by the former. Insurance Co. v. Mowry, 96 U. S. 544-547, 24 L. Ed. 674; Van Syckel v. O'Hearn, 50 N. J. Eq. 173, 24 Atl. 1024; White v. Walker, 31 Ill. 442; Faxton v. Faxon, 28 Mich. 159-161; Stayton v. Graham, 139 Pa. 1, 21 Atl. 2. Under the circumstances of this case the appellant had no right to declare the note due, or insist upon a default. The complaint was therefore properly dismissed.

The judgment is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.