FEDERAL BOND & MORTGAGE COMPANY v.
EMILY H. GRUNER

169 So. 649.
Division B.
Opinion Filed July 23, 1936.
Rehearing Denied Sept. 9, 1936.

*Mitchell D. Price,* and *Charles W. Zaring,* for Appellant;
*Price & Price,* for Appellee.

BUFORD, J.—Writ of error is to judgment in favor of plaintiff after default taken subsequent to the order sustaining demurrer to amended pleas.

The declaration alleges:

"For that whereas heretofore, to-wit, on or about the 1st day of July, 1930, Federal Bond & Mortgage Company

did sell, assign, transfer and deliver unto the plaintiff and Helen Gruner a two-thirds and one-third interest, respectively, in certain bonds and notes for the principal sum of Twelve Thousand ($12,000.00) Dollars, which said bonds and notes were executed by Alice G. Hunter and Daniel S. Hunter to the defendant herein, dated the 21st day of February, 1930, and described in a certain mortgage deed, recorded in Mortgage Book 804, at pages 408 to 412 of the Public Records of Dade County, Florida; that thereafter Helen Gruner assigned to the plaintiff all her right, title and interest in and to the said mortgage and notes.

"Plaintiff further avers that at or about the time of the assignment of the said mortgage and as part of the consideration for the purchase thereof by the plaintiff, the said Federal Bond & Mortgage Company did issue its certain written guarantee dated the 1st day of July, 1930, wherein and whereby the said Federal Bond & Mortgage Company did agree that in the event of the foreclosure it would purchase the real estate at the foreclosure sale for an amount sufficient to satisfy in full the amount owing to the plaintiff and all costs and expenses, of foreclosure a copy of which said guarantee is hereto attached, marked 'Exhibit A' and made a part hereof. Plaintiff avers that subsequent to the purchase of the said notes and mortgage from the said defendant the said mortgage became in default; that thereafter the defendant undertook to foreclose the said mortgage in the name of the plaintiff and caused the said foreclosure to proceed to a final decree, and that upon the sale of the said property the said defendant failed and refused to comply with and abide by their said guarantee and failed and refused to purchase the said property for an amount sufficient to satisfy in full the amount owing to the said plaintiff, together with all costs and expenses.

"Plaintiff avers that at the time of the foreclosure sale there was due and owing to the plaintiff the sum of $11,500.00, principal, and interest at eight per cent. per annum from the 21st day of February, 1932; that in addition thereto, the plaintiff was caused to expend the sum of $121.56 for unpaid taxes and the further sum of $77.40 for fire and windstorm insurance, and the further sum of $89.14 as attorney's fees.

"Plaintiff further avers that by reason of the failure of the said defendant to purchase the said property in accordance with the terms and conditions of the aforesaid guarantee, 'Exhibit A' plaintiff was compelled to, and did, purchase the said property at the foreclosure sale.

"Plaintiff further avers that, subsequent to the sale of the said property, demand was made upon the said defendant to comply with and abide by its said guarantee, and at the time of such demand offered to convey the property mentioned and described in the said mortgage to the said defendant upon compliance with the demand aforesaid; that the said defendant failed and refused to comply with and abide by the said agreement."

The amended sixth plea was as follows:

"6. And for special plea by way of confession and avoidance this defendant says that the plaintiff herein entered into an agreement with the defendant herein wherein and whereby the defendant agreed and bound itself to cause a foreclosure proceeding to be instituted in the name of the plaintiff herein on the mortgage assigned by the defendant herein to the plaintiff herein at the cost of the defendant, and the plaintiff herein agreed with the defendant herein that Douglas D. Felix, an attorney at law, would represent her in the said foreclosure proceedings with the understanding that the compensation paid to the

said Douglas D. Felix for the services rendered by him in the foreclosure of said mortgage would be paid by the FEDERAL BOND & MORTGAGE COMPANY. That as a result of said agreement the foreclosure proceedings were filed and prosecuted in the name of the plaintiff herein. That the plaintiff herein, before the termination of the said foreclosure proceedings by master's sale, employed the law firm of Evans, Mershon & Sawyer, attorneys at law, practicing their profession in the City of Miami, Florida, to represent her as her agents and attorneys at the sale of the said property and the said plaintiff authorized and empowered her said agents and attorneys to bid the property in at said sale in the name of the plaintiff. That the said Evans, Mershon & Sawyer, on the 29th day of September, 1933, while acting as agents and attorneys for the plaintiff herein, wrote to Douglas D. Felix, the attorney employed by the FEDERAL BOND & MORTGAGE COMPANY, and at the cost of the FEDERAL BOND & MORTGAGE COMPANY as aforesaid, and advised the said Douglas D. Felix that the said Evans, Mershon & Sawyer were representing the said Emily H. Gruner in connection with the guarantee of the FEDERAL BOND & MORTGAGE COMPANY upon the Alice G. Hunter mortgage. Defendant attaches hereto and makes a part hereof. a true and correct copy of the letter herein mentioned, identifying said letter as defendant's Exhibit A.

"Defendant further alleges that on the 2nd of October, 1933, the said Evans, Mershon & Sawyer, still acting as agents and attorneys for the plaintiff herein, wrote to the said Douglas D. Felix aforesaid, and specifically advised the said Douglas D. Felix that he was relieved of any responsibility in connection with the bidding upon the property for the plaintiff at the Master's sale. Plaintiff attaches hereto and makes a part hereof a true and correct copy

of the letter last above mentioned, which letter is identified as defendant's Exhibit B. That at the time of the writings of the said letter herein referred to the plaintiff herein well knew that the said Douglas D. Felix was at said time an officer and director of the defendant corporation and one of its attorneys.

"Defendant further alleges that the said letters above referred to were received and acted upon; and that the plaintiff, through her attorneys and agents, Evans, Mershon & Sawyer purchased the property described in the mortgage at the Master's sale and obtained a Master's Deed therefor in the name of the plaintiff herein. That the plaintiff's actions, as evidenced by the two letters herein referred to constituted in law and in fact a release of the defendant herein of its guarantee, and that the plaintiff herein is now estopped from asserting any claim or right of action against this defendant predicated upon the said guarantee from which the defendant has been released."

The letters referred to in this plea were as follows:

"Evans, Mershon & Sawyer, First Trust & Savings Bank Building, Miami Florida, Sept. 29, 1933.

"Mr. Douglas D. Felix, Attorney at Law,

"Congress Building, Miami, Florida.

"Dear Sir:

"We are representing Miss Emily H. Gruner of Buffalo, in connection with the guaranty of Federal Bond & Mortgage Company upon the Alice G. Hunter mortgage.

"We understand this property is to be sold on the Rule Day in October and Miss Gruner has instructed us to attend the sale and bid in the property on her account. Will

you be good enough to let us know at what time the sale will be held in order that the writer may arrange to attend the sale.

"Very truly yours,

"EVANS, MERSHON & SAWYER,
"By O. B. Simmons."

"EVANS, MERSHON & SAWYER, First Trust & Savings Bank Building, Miami, Florida, October 2, 1933.
"Mr. Douglas D. Felix,
"Congress Building, Miami, Florida.
"Dear Sir:

"Confirming our telephone conversation with Mr. Kirtley with respect to the sale of the property involved in the case of Emily H. Gruner v. Alice G. Hunter, et al., we have been requested by Miss Gruner to represent her in bidding upon this property at the sale, and we are authorized to relieve you of any responsibility in connection with the bidding upon the property for Miss Gruener at said sale.

"Very truly yours,

"O. B. Simmons."

Plaintiff took judgment on demurrer sustained to this plea.

So it is that the controlling question presented for our determination is whether or not the amended 6th plea alleged sufficient facts to constitute a defense to the cause of action alleged in the declaration. We hold the declaration sufficiently stated a cause of action. The plea was one of confession and avoidance. The defendant by the plea admitted that it was liable in damages to the plaintiff unless the alleged conduct of the plaintiff was such as to relieve the defendant of its alleged liability to the plaintiff. The

amount of the liability if any existed at the time of the institution of the suit is not fixed by any allegations of the declaration. Under the allegations of the declaration the recoverable damages would be the difference between the value of the real estate acquired by the plaintiff and the amount due plaintiff on the mortgage and notes with interest, taxes and costs.

We construe the letters attached to and made a part of the plea and hereinabove quoted, as being binding upon the plaintiff in this suit as they were binding upon her in so far as they applied to proceedings in the foreclosure suit.

The letter of October 2d, 1933, from the attorneys for Miss Gruner to attorneys for Federal Bond & Mortgage Company very clearly says:

"We have been requested by Miss Gruener to represent her in bidding upon this property at the sale, and we are authorized to relieve you of any responsibility in connection with the bidding upon the property for Miss Gruener at said sale."

This stipulation by counsel in pending litigation became binding upon the party they represented in that litigation and opposing parties whose rights were in anywise affected thereby were entitled to rely and act upon such advice and stipulation. It, therefore, follows that Federal Bond & Mortgage Company was by the terms of this letter relieved of its obligation contained in its guarantee "(D) That in the event of foreclosure it will, if necessary, purchase such real estate at the foreclosure sale for an amount sufficient to satisfy in full the amount owing to the second party and all costs and expenses of foreclosure."

The guarantee was not to pay the difference between the amount realized from the security and the amount of the obligation with interest and other proper items, but was to

"if necessary purchase such real estate at foreclosure sale for an amount sufficient to satisfy in full the amount owing to the second party and all costs and expenses of foreclosure."

The letter we construe to have advised Federal Bond & Mortgage Company, through its attorney then handling the foreclosure suit on its behalf, that Miss Gruner would assume to buy in the property at foreclosure sale in her own right and would relieve the attorney representing Federal Bond & Mortgage Company, and through him his client from "*any* responsibility *in connection* with the bidding upon the property for Miss Gruner at said sale." This must be so because Federal Bond & Mortgage Company was only obligated to bid in the property because of its guarantee to Miss Gruner to bid in the same for a sum sufficient to pay her in full. Federal Bond & Mortgage Company upon receipt of this letter to its attorney engaged by it to foreclose this mortgage in compliance with the terms of its guarantee to Miss Gruner, was entitled to rely upon the language thereof as a binding waiver of its agreement to purchase the property at foreclosure sale and as an elevation on the part of Miss Gruner to look to the security of the mortgage alone for recovery. If Miss Gruner had come to believe that the property embraced in the mortgage was of value greater than the amount due her it would have been quite natural for her to prefer to acquire the property instead of collecting her debt and, if she wished to do this, she pursued the proper course to accomplish this end.

The record indicates that Miss Gruner purchased the property at foreclosure sale on the Rule Day in October, 1933. Declaration was filed in this suit in September, 1934, and defendant was required to appear on the Rule Day in October, 1934, one year after sale. Would the plaintiff

have contended that she had a cause of action if in the meantime conditions had come to be such that the property would have sold for much more than the amount due her at date of foreclosure? Or would Federal Bond & Mortgage Company have had any ground for valid claim that Miss Gruner had bought in the property for its account and in trust for it and was bound to convey to it on its paying the amount due at foreclosure date with interest and costs? Both questions must alike be answered in the negative.

In Kreiss Potassium Phosphate Co., *et al.*, v. Knight, 98 Fla. 1004, 124 Sou. 751, we held:

"A mortgagee may by his conduct, inducing others to believe and act upon the belief that he will not enforce his mortgage, be estopped as to them from so doing."

And in the body of that opinion, we said:

"Waiver does not arise from forbearance for a reasonable time, but may be inferred from the mortgagee's passive acquiescence, from his knowledge of the sale of the property in violation of a condition, without making objection, *from acts putting the debtor off his guard and leading him to believe that the right has been waived,* or from his neglect to perform conditions binding on him, and on which his right to take advantage of the default is predicated, but not generally from loose declarations which he is under no obligations to make and on which no person relies to his prejudice. 41 C. J. 860; Beason v. Johnston, 194 Iowa 1100, 191 N. W. 311; Lawrence v. Ward, 28 Utah 129, 77 P. 229; Congregational Church B Society v. Osborn, 153 Cal. 197, 94 P. 881; First Red. Tr. Co. First Nat. Bank (C. C. A.) 297 F. 353." Emphasis supplied.

It may be said with equal confidence that an assignee with guarantee may by his conduct inducing his guarantor

to believe and act upon the belief that he will not require compliance with the guarantee be estopped from alleging a breach of the guarantee.

In Reader v. Prather, 100 Fla. 591, 130 Sou. 15, we defined "waiver" saying "Waiver is the intentional relinquishment of a known right (27 R. C. L. 904) and may be express or implied." See further discussion of "waiver" in that opinion.

We hold that the allegations of the amended 6th plea set a good defense to the declaration and the sustaining of the demurrer to that plea was reversible error.

We do not mean to hold here that a letter such as is here exhibited from one attorney to another would under all circumstances constitute a waiver of rights on the part of the client represented by the attorney writing this letter. The question before us is whether or not it constituted a waiver of the particular guarantee under the facts alleged in the declaration and the plea under consideration.

For the reasons stated, the judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

So ordered.

Reversed and remanded.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.