PANFILO BERARDUCCI *vs.* MICHAEL DIANO *et al.*

APRIL 11, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.    This suit in equity is now before us on an appeal by the respondents Michael Diano and Arcangela Diano, his wife, from a decree which was entered in the superior court, after a hearing upon the bill, answers and replications.    This decree substantially granted the specific relief prayed for by the complainant, by declaring that the respondent Arcangela Diano holds certain real estate as trustee for the complainant and ordering these two respondents, upon the payment of certain specified sums of money to them by the complainant, to execute and deliver to him a deed of that real estate.    The other two respondents, Saverio Sarcione and Domenica Sarcione, his wife, have not appealed.

The following facts are not in dispute.    The complainant recovered a judgment against the Sarciones in an action of assumpsit, in which an attachment had been levied on this real estate on October 18, 1933; and on January 3, 1936, an execution on that judgment was levied on this real estate. This was then owned by the Sarciones, subject to a mortgage, which, together with the note secured thereby, was then held by the Dianos, by transfer on September 6, 1933, from the former owner.

On February 7, 1936, at a foreclosure sale under the power of sale contained in the mortgage, the real estate was sold at auction to Arcangela Diano for $4100, which came from both of the Dianos and was less than the principal sum then secured by the mortgage.    The real estate was then conveyed to her by mortgagee's deed.    On April 11, 1936, the real estate was sold to the complainant, at sheriff's sale on the above execution.

At the hearing in the superior court on the merits of the case, evidence was introduced in behalf of the complainant,

in the form of testimony by his attorney, that on January 7, 1936, the attorney, in a personal interview with the Dianos, notified them as follows: that he was the attorney for the complainant; that the latter had recovered judgment against the Sarciones and had had an execution, on the judgment, levied on the mortgaged property; and that the complainant had the money to pay for the mortgage and was ready to pay it to the Dianos and take a transfer of the mortgage.

The attorney testified also, in substance, that at this interview, Michael Diano, in the presence of his wife, who took part in the conversation, and without objection by her, said that they did not want to part with the mortgage, as it was a good investment, was paying good interest and was well secured; that if he changed his mind and was going to foreclose, he would notify the attorney, so that the latter could act in the matter; that he would either come to the attorney's office or would send him notice; and that the attorney need not look at the newspapers.

The attorney further testified, in substance, that the complainant, at the time of this interview, was prepared to pay the Dianos whatever was due on the mortgage; that he, the attorney, was not given any previous notice of the mortgage sale and did not look for any advertised notice of the mortgage sale; and that he relied on the assurances given him by the Dianos.

Michael Diano, in his testimony, made a general denial of most of the attorney's testimony, but stated that the attorney asked if he wanted to sell the mortgage and that he said "No"; that he had received from the Sarciones on the mortgage only one payment of interest, which was made on March 30, 1933 and paid the interest to October 9, 1933; and that he had paid the taxes for 1934 and 1935. His wife testified, as to the same interview, that the attorney said that he would pay the amount due on the mortgage; and that her husband then told the attorney that he did not care to sell

the mortgage and that if the Sarciones paid the interest, he would be satisfied.

The justice before whom the case was heard in the superior court made, at the conclusion of the evidence, oral findings of fact which were in full accordance with the testimony of the complainant's attorney as above set forth. One of these findings was, in substance, that when the complainant, as the result of the levy of his execution on the mortgaged property, had an interest in that property which entitled him, under the statute, to demand a transfer of the mortgage, his attorney notified the Dianos that if they desired to sell the mortgage, he would pay them the amount due on it; but did not make a tender, because he did not know what the required amount was.

Most of the findings of the justice, in substance and with some additions, were incorporated in the final decree. He found that the representations above stated had been made by the Dianos, and also "that the complainant believed and relied upon said representations"; that the Dianos "did not intend to live up to said representations", but deliberately violated them and proceeded to foreclose the mortgage by publishing notice and completing the foreclosure almost as soon as they could, without giving the notice to the complainants' attorney which they represented to him they would give; and that the complainant and his attorney did not know of the advertisement and sale. He also found that, although the Dianos represented to the attorney that the mortgage was a good investment and well secured, paying good interest, the facts were that the mortgage interest was greatly in arrears and the taxes on the property had not been paid.

A great many of the material facts of the case were not in dispute. Where there was substantial conflict in the testimony the justice of the superior court had a great advantage over us in passing on the credibility of the testimony, since he heard and saw the witnesses testify. After an examina-

tion of the testimony, as set forth in the transcript, we are convinced that we cannot properly hold that his findings were not clearly supported by the preponderance of the evidence.

We, therefore, must accept these as setting forth the facts of the case and we are of the opinion that these facts, under the law applicable to them, fully and clearly support the relief which was granted to the complainant in the decree. This relief, as above stated, was that it was declared that the respondent Arcangela Diano holds the real estate as trustee for the complainant and that it was ordered and decreed that she and her husband execute and deliver to the complainant a deed of the real estate, upon the payment to them by him of certain sums of money, which were not in dispute between the parties.

In our opinion, the Dianos, by reason of their statements to the complainant's attorney and their conduct afterwards and what the complainant, in reliance thereon, did and failed to do, are clearly estopped to set up against him any right or title which they or either of them acquired by the foreclosure sale of the real estate to the respondent Arcangela Diano.

As against this they contend by their counsel that this case is governed by a rule which they quote from 21 C. J. 1142, as follows: "The doctrine of estoppel by representation is ordinarily applicable only to representations as to facts either past or present and not to promises concerning the future which, if binding at all, must be binding as contracts." But in relying upon this statement they ignore three important factors.

The first is that they misrepresented to the complainant's attorney the excellence of the mortgage by telling him that it was a good investment and well secured, when in fact the interest had been in arrears for more than two years and the taxes on the mortgaged property had not been paid; and they also misrepresented to him their own intention with

regard to the foreclosure of the mortgage. Both of these matters thus misrepresented were material matters of fact, and the misrepresentations were relied on by the complainant to his great disadvantage.

The second factor is that, by falsely representing that they were satisfied with the mortgage and intended to continue to hold it, they prevented the complainant from requiring them to transfer it to him upon payment by him of the sum secured by it, as he had the right to do.

The third factor is that, as indicated by the word "ordinarily" in the above quotation, there is, to the above general rule, an exception, which has often been recognized and applied. This is stated as follows in the next section of the article cited: "However, a well recognized exception to the rule is presented where the statement relates to an intended abandonment of an existing right, and is made to influence others who have in fact been influenced by it . . . ." In the instant case, statements made by the Dianos, which were evidently made to be relied on by the complainant and which were so relied on, related to an abandonment by them of a right to foreclose the mortgage without giving any actual notice to the complainant, although, as they knew, he had a substantial interest in the mortgaged property as an incumbrancer under his execution.

This exceptional rule is especially well stated in *Van Syckel* v. *O'Hearn*, 50 N. J. Eq. 173, 24 A. 1024, the facts of which raised substantially the same question as is raised in the instant case. There the owner of real estate, which was subject to a mortgage then in default, entered into negotiations with one O'Hearn for the sale to the latter of this real estate. He was willing to make the purchase, if the mortgagee would not require the payment of the mortgage for a year. A person who represented O'Hearn and the owner of the real estate procured the oral assurance of the mortgagee that he would not require payment for that period.

In reliance on this assurance O'Hearn bought the real estate; but within the year the mortgagee brought foreclosure proceedings. The court held that, although there was no consideration for the assurance given by the mortgagee and therefore no enforceable contract, he was estopped from repudiating it by thus foreclosing under the mortgage.

At page 175, (1024) the court says: "If a party asking the aid of the court waive strict performance of his contract and makes promises to the defendant upon which the latter has acted and altered his position, and it should appear to the court to work a hardship to the defendant to allow the complainant to withdraw his waiver, a court of equity always applies the doctrine of estoppel.

"In such case, although no consideration or benefit accrues to the person making the promise, he is the author or promoter of the very condition of affairs which stands in his way; and when this plainly appears, it is most equitable that the court should say that they shall so stand."

In *Lawrance* v. *Ward,* 28 Utah 129, 77 P. 229, a note secured by a mortgage provided for payment of interest in quarterly installments at a certain bank and that on default in such payment the principal and all interest should become due at the option of the holder. The plaintiff became the transferee of the note and mortgage, and then requested the mortgagor not to pay the interest at the bank, and said that he would call at the mortgagor's house for it. The latter therefore did not pay the next installment of interest at the bank, but held it at his home for the plaintiff, who never called for it. The plaintiff then started foreclosure proceedings on the ground of the nonpayment of the interest in accordance with the note; but he was held to be estopped on account of his communication to the mortgagor and the latter's reliance upon it.

At page 132, (230) the court says: "By the law of estoppel, one who by his language or conduct induces another to do or omit that which he would not otherwise have done or omit-

ted to do, is estopped from asserting any claim or maintaining any action against him who is so misled, on account of any act or omission of the latter so induced by the former." See also *Insurance Co.* v. *Mowry,* 96 U. S. 544, 547, 24 L. Ed. 674; *White* v. *Walker,* 31 Ill. 442, 437; *Kingston* v. *Walters,* 16 N. M. 59, 113 P. 594.

We are convinced that the rule above quoted from *Lawrance* v. *Ward, supra,* should be applied in the instant case, and that the Dianos, by their misrepresentations of fact and their promise, which they did not keep and did not intend to keep, when they made it, and which they intended the complainant to rely on and which he did rely on, caused him not to be a bidder at the sale and caused him not to insist on a transfer of the mortgage to him for the amount secured by it, as he had a right, as an incumbrancer, to do under general laws 1923, chapter 302, sec. 7. Therefore, the doctrine of estoppel should be applied and under it the relief granted in the decree appealed from was proper.

The appeal of the respondents Michael Diano and Arcangela Diano is denied; the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Joseph H. Coen, Frank J. Rivelli,* for complainant.

*Ralph Rotondo, Arthur N. Votolato,* for respondents.