TERRELL, Justice.
So far as pertinent the amended complaint initiating this case alleges that Herman Bower, the owner of certain real estate •southwest of Miami, known as Sunkist Estates Subdivision, presented a plat of said lands to the Board of County Commissioners of Dade County. In affidavit Bower proposed to the County Commissioners that if they would approve the plat he would grade, rock and pave the ■streets indicated thereon and oil them when ■.the government will permit. The complaint filed by co-appellants who are purchasers of lots in the subdivision prayed that Herman Bower be compelled to comply with said contract. The complaint was dismissed and this appeal was prosecuted.
The real point on which the controversy turns is whether or not the complaint states facts sufficient to show a contract or to activate the statute for declaratory decree.
The answer to this question depends on the interpretation of the second paragraph of the affidavit submitted with the request to approve the plat, as follows:
“A plat entitled, “Sunkist Estates” is being presented to the Board of County Commissioners for approval. I am connected with the persons offering said plat in the following capacity: Owner. It is the intention of the said subdivider to grade all the streets shown on said plat and rock and pave them in accordance with Dade County Specifications and to have the work completed on or before Tzvo years after date. It is also the intention of said subdividers to have the following additional work done within said subdivision, on or before the time above stated, viz.: * * * ”
The quoted provision states nothing more than an “intention” on the part of Herman Bower to grade the streets shown on the plat and rock and pave them in accordance with the Dade County specification “on or before two years after date.” There are other provisions of the affidavit that contribute to the “intention” but considered in toto we do not think it amounted to an enforceable contract. The elements of such a contract were not present and it was not sufficient to activate the Declaratory Judgments Act. Scott v. S. H. Kress & Co., Tex.Civ.App., 191 S.W. 714; Ready v. Safeway Rock Co., 157 Fla. 27, 24 So. 2d 808.
The decree appealed from is therefore affirmed.
Affirmed.
HOBSON, C. J., and SEBRING and MATHEWS, JJ., concur.