PER CURIAM.
The basic contention of the appellants is that the summary final judgment entered against them was erroneous because there was a genuine issue of material fact. But the record reveals that the trial judge correctly entered the judgment because the defense asserted is without merit either in law or fact and the issues suggested are immaterial. Rawls v. Ziegler, Fla.1958, 107 So.2d 601.
 The only substantial question presented is one of law as to the effect of an acceleration clause contained in the promissory note upon which suit was brought. The clause is: “If any installment of prin *443 cipal or interest is not paid when due, or upon any default in the performance of .any of the covenants or agreements of this note, or of any instrument now or hereafter evidencing or securing this note * * * the whole indebtedness remaining unpaid shall, at the option of the holder, be immediately due * * [Emphasis supplied]. The trial judge correctly construed this clause to include a default upon a mortgage securing the note. The mortgage securing the note was a second mortgage and provided that a default under the terms of the first mortgage would constitute a default of the second mortgage. There is no controversy but that there was a default under the first mortgage and a foreclosure thereon. The default on the first mortgage was therefore a default on the second mortgage and the default on the second mortgage constituted a default in the performance of an agreement contained in an instrument securing the note. The default on the first mortgage therefore accelerated the payments due under the note.
Affirmed.