GRIMES, Judge.
This is an interlocutory appeal from an order granting the mortgagees a summary judgment in a mortgage foreclosure action.
The appellees (Conzelmans) held two mortgages signed by Christine Hastings, a single woman, and Robert R. Hastings, Jr. The mortgages covered adjacent lots in a subdivision. Pursuant to a written agreement, one of the mortgages was subordinated to a mortgage given by the Hastings to the Lee County Bank. The subordination agreement provided that if a default occurred in the mortgage being subordinated, this would also constitute a default in the other mortgage held by the Conzel-mans. Both Conzelman mortgages contained the following provision:
“10. That in the event this mortgage is junior and inferior to any other mortgage and/or lien on the above described real property, and this mortgage is given with knowledge of such superior mortgage (s) and/or lien(s), that said superi- or mortgage(s) and/or lien(s) will be paid by mortgagor in accordance with the terms and conditions thereof, and failure to make said payment (s) will constitute an automatic default in this mortgage.”
Subsequent to the execution of the three mortgages, all of the property was conveyed to Crescent Beach Co. of Florida (Crescent Beach Co.). The principal amount of the note secured by the mortgage to the Lee County Bank was $30,000, all of which was due and payable on September 7, 1974. When this note was not paid, the Lee County Bank, by letter dated December 10, 1974, declared its mortgage to be in default and demanded full payment of the principal and interest. On December 19, 1974, the Conzelmans’ attorney wrote the president of Crescent Beach Co. declaring the two mortgages held by them to be in default by reason of the default in the Lee County Bank mortgage. This letter further advised that the Conzelmans had elected to exercise their option to accelerate both mortgages and demanded payment in full within fifteen days.
When the Conzelmans did not receive the requested payment, they filed suit on January 20, 1975, to foreclose their mortgages. On January 22, 1975, the Lee County Bank mortgage was purchased by certain testamentary trustees, one of whom was the president of Crescent Beach Co. The trustees then advised Mr. Hastings and the Conzelmans that they had extended the due date of the Hastings-Lee County Bank mortgage to July 15, 1975. The foreclosure action was defended upon the ground that since the Lee County Bank mortgage was no longer in default, the Conzelmans had no right to accelerate their mortgages.
The appellants argue that an extension of time for the payment of the Lee County Bank mortgage could be given without the permission of the Conzelmans. Be that as it may, the fact that the extension was given could not avoid the acceleration of the Conzelman mortgages which specifically provided that the superior mortgage (the Lee County Bank mortgage) would be “paid by mortgagor in accordance with the terms and conditions thereof, and failure to make said payment(s) will constitute an automatic default in this mortgage.” When the Lee County Bank mortgage was not paid “in accordance with the terms and conditions thereof,” a default in the Con-zelmans’ mortgages then occurred. Barone v. Waters, Fla.App.3d, 1964, 165 So.2d 442. The extension of time which brought the Lee County Bank mortgage out of default could not have had the effect of vitiating the “automatic default” in the Conzelmans’ mortgages which had already occurred.
There is another reason why the order entered below should be sustained. The mortgagors did not obtain the extension on the Lee County Bank mortgage until *439 over a month after the Conzelmans had declared their mortgages in default and demanded payment in full and two days after the suit to foreclose had been filed. While there are recognized circumstances which permit a mortgagor to cure his default even after the mortgagee has exercised his election to accelerate, none of these circumstances appear in this record. See New England M. L. Ins. Co. v. Luxury Home Bldrs., Inc., Fla.App.3d, 1975, 311 So.2d 160; Campbell v. Werner, Fla.App. 3d, 1970, 232 So.2d 252. Moreover, to the extent that the trial court has discretion in this area, it was exercised adversely to the appellants.
Affirmed.
HOBSON, A. C. J., and BOARDMAN, J., concur.