537 So.2d 1108 (1989)
Norman COHEN, As Trustee and Saul Norman Corp., a Florida Corporation, Appellants,
v.
AMERIFIRST BANK, a Federal Savings Bank, Appellee.
No. 87-963.
District Court of Appeal of Florida, Third District.
January 31, 1989.
Rehearing Denied March 7, 1989.
*1109 Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh and Gerald Richman and Sally R. Doerner, Miami, for appellants.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Michael J. Cappucio, Blackwell, Walker, Fascell & Hoehl and James E. Tribble, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and NESBITT, JJ.
PER CURIAM.
Following this court's opinion and decision reported in Amerifirst Federal Savings and Loan Association of Miami v. Century 21 Commodore Plaza, Inc., 416 So.2d 45 (Fla. 3d DCA 1982), the matter proceeded to trial ultimately on a four-count counterclaim by the appellants, which resulted in a jury verdict in favor of the appellants, awarding Norman Cohen, as trustee, damages for breach of alleged oral agreement, and compensatory and punitive damages for malicious prosecution by the continuation of the foreclosure action referred to in the cited opinion.[1]
Upon appropriate post trial motions the trial court granted a reserved directed verdict on count I alleging breach of an oral agreement, and granted a new trial on the malicious prosecution action, count IV, and consequently denied a reserved motion for directed verdict on this count.
The counterplaintiff Cohen, as trustee, appeals urging error in both parts of the trial court's post judgment order granting the directed verdict as to count I and ordering a new trial as to court IV, and Amerifirst, as counterdefendant, cross-appeals urging error in failing to grant its reserved motion for directed verdict on the malicious prosecution count.
We affirm the trial court in the granting of the reserved motion for directed verdict as to the breach of the alleged oral contract.[2] The evidence viewed in the *1110 light most favorable to the counterplaintiff failed to make out a case that an oral agreement ever existed in the first instance. There were negotiations between the parties, but the documentary evidence clearly discloses that there never was any oral meeting of the minds which only needed to be reduced to writing. There was agreement on some items, but there was no agreement reached on substantial issues, therefore no ultimate meeting of minds. Central Properties, Inc. v. Robbinson, 450 So.2d 277 (Fla. 1st DCA 1984); Goff v. Indian Lake Estates, Inc., 178 So.2d 910 (Fla. 2d DCA 1965); Enid Corporation v. Mills, 101 So.2d 906 (Fla. 3d DCA 1958).
Turning to the cross-appeal, we reverse the order denying the reserved motion for directed verdict as to the malicious prosecution count because the evidence not only wholly failed to establish a lack of probable cause for the continuation of the foreclosure proceedings, but was clear and undisputed that Amerifirst continued the prosecution with probable cause. The counterplaintiff Cohen, as trustee, prevented an acceleration of his note secured by the mortgage because of equitable grounds. Amerifirst Federal Savings and Loan Association of Miami v. Century 21 Commodore Plaza, Inc., supra. He now attempts to use this award of a summary judgment upholding this equitable defense against acceleration as evidence of a lack of probable cause to continue with the foreclosure. We disagree. The authority cited in this court's prior opinion found in Amerifirst Federal Savings and Loan Association of Miami v. Century 21 Commodore Plaza, Inc., supra, clearly demonstrates that Amerifirst had an arguable right to accelerate its note and foreclose the mortgage, notwithstanding the fact that it had accepted payments subsequent to an admitted default and the acceleration of the amount due in accordance with the terms of the note. To have probable cause to commence or continue an action does not mean that the plaintiff will, or must, ultimately prevail, but only that his commencement or continuance is of an arguably valid cause of action. See and compare City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979); Phelan v. City of Coral Gables, 415 So.2d 1292 (Fla. 3d DCA 1982); Duncan v. Germaine, 330 So.2d 479 (Fla. 4th DCA 1976).
The upholding of the equitable defense which prevented acceleration by its very nature admits the initial default, and right to acceleration. The fact that the mortgagor is able to present circumstances which are sufficient grounds for a trial court to not lend its equitable power to foreclose the lien of the mortgage[3] does not establish *1111 a lack of probable cause to institute or maintain the foreclosure proceedings after a default, in accordance with the terms of the note and mortgage.
Therefore, the order granting the reserve motion for directed verdict as to count I is affirmed. The order denying the reserve motion for directed verdict as to count IV is reversed with directions to enter a directed verdict in favor of Amerifirst on this count.[4]
REVERSED AND REMANDED WITH DIRECTIONS.
NOTES
[1] The jury also returned a verdict in favor of Saul Norman Corp. on count III, but awarded zero damages. No error is urged in this regard in these proceedings. As to count II it was settled pending the trial.
[2] The order granting the motion for directed verdict reads in part as follows:

* * * * * *
"1. The motion of AmeriFirst pursuant to Rule 1.480 for entry of judgment in accordance with its motions for directed verdict is granted as to Count I, Cohen's claim that AmeriFirst breached an oral contract to `cooperate' with Cohen toward the sale of certain property. On this count, the plaintiff's evidence was legally insufficient to establish an oral contract, as opposed to preliminary negotiations in contemplation of a formal contract. At most, the evidence established an agreement between the parties to agree in the future, which could not serve as a proper legal basis for an action for breach of contract. As the Court determines below, the testimony of Mr. Kanner in contradiction to Exhibit 41, his transmittal letter of the written agreement, should not have been received into evidence. In addition, however, his testimony was legally insufficient to establish any binding legal obligation between the parties. The written documents demonstrate that if there was to be an agreement, it was to have been in writing. That being the case, an oral contract cannot be enforced on the same subject matter. See Ocala Cooperage Co. v. Florida Cooperage Co., 59 Fla. 394, 52 So. 13, 16 (1910), holding that:
Where the parties intend that their verbal negotiations shall be reduced to writing as the evidence of the terms of their agreement, there is nothing binding on them until the writing is executed.
To the same general effect, see Rork v. Las Olas Co., 156 Fla. 510, 23 So.2d 839 (1945); and Mann v. Thompson, 100 So.2d 634 (Fla. 1st DCA 1958). Moreover, Kanner's transmittal letter introduced as plaintiff's Exhibit 41 expressly stated that the proposed agreement submitted to AmeriFirst was `subject to your approval'. As a matter of law, therefore, the `mutual or reciprocal assent to a certain and definite proposition' was lacking. See Goff v. Indian Lakes Estates, Inc., 178 So.2d 910 (Fla. 2d DCA 1965). Statements of future intentions, or an agreement to agree in the future, do not give rise to an enforceable contract. Peters v. Bower, 63 So.2d 629 (Fla. 1953); Brown v. Dobry, 311 So.2d 159 (Fla. 2d DCA 1975); Beverage Dist. Inc. v. Olympia Brewing Co., 440 F.2d 21 (9th Cir.1971); Bogley v. U.S., 206 Ct.Cl. 695, 514 F.2d 1027, 1032 (1975)."
* * * * * *
"... As this Court has determined in paragraph 1 above, the evidence establishes at most that the parties were engaged in preliminary negotiations in contemplation of the execution of a formal contract which was never signed."
[3] Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751 (1929); Dagnino v. Home Federal Savings & Loan Association of St. Petersburg, 183 So.2d 846 (Fla. 2d DCA 1966); Koschorek v. Fischer, 145 So.2d 755 (Fla. 2d DCA 1962); Lieberbaum v. Surfcomber Hotel Corp., 122 So.2d 28 (Fla. 3d DCA 1960).
[4] These rulings moot the necessity to consider the other grounds urged as error by the parties.