COPE, J.
This is an appeal from an order enforcing a settlement. We reverse.
I.
The question presented is whether GEI-CO Casualty Insurance Company entered into a binding settlement agreement to pay its policy limits to appellee Joel Dupotey.
GEICO issued an automobile liability insurance policy to Michael Hofmann. He and Adelaida Sanchez rented a car from Enterprise Leasing Company.
While driving the rental car on an expressway in Miami-Dade County, Hof-mann drove the rental car into the emergency lane and collided with a disabled vehicle which was properly parked there. The collision seriously injured Joel Dupo-tey and Juan Cabrera, who were trying to repair the disabled vehicle.
Hofmann, Sanchez, and Enterprise were insured by GEICO’s policy for purposes of this accident. Several days after the accident GEICO indicated a willingness to tender its $100,000/$300,000 policy limits to Dupotey and Cabrera.
Counsel for Dupotey and Cabrera indicated that Dupotey and Cabrera would be willing to release Hofmann and Sanchez (“the renters”), but not Enterprise. Because of the severity of the injuries, Dupo-tey intended to sue Enterprise for the injuries which exceeded GEICO’s policy limits. In view of this, Enterprise declined to release its right to seek indemnity against the renters for any judgment that Dupotey might recover against Enterprise.
After efforts to resolve this impasse were unsuccessful, GEICO’s outside counsel wrote the following letter on May 4, 2001 to counsel for Dupotey and Cabrera:
I represent GEICO Casualty Insurance Company with reference to the claims made by your clients, Juan Cabrera, Sr. and Joel Dupotey, against Michael Hof-mann, Adelaide Sanchez, and their insurance company, GEICO Casualty. I understand that you have taken the position, on behalf of your clients, that you will not accept GEICO Casualty Insurance Company’s policy limits settlement offer should that offer require your clients to release any claims they have against Enterprise. As you know, under Florida law, Enterprise Leasing has indemnity rights against GEICO’s named insureds. We have now been advised that Enterprise will not release those indemnity rights unless they are also on any release executed by your clients.
Because of the present state of this claim as outlined above, GEICO Casualty Insurance Company is notifying all interested parties of its intention to consummate a settlement with your clients for the full extent of the liability insurance policy limits available and *382 take a release only as to Michael Hof-mann and Adelaide Sanchez and not as to Enterprise Leasing.
GEICO Casualty Insurance Company does this [cognizant] of the difficult situations that this places all parties in but feels that its obligation to act in good faith to all of its insureds, and potential third party beneficiaries of its policy limits, requires it to take this action at this time. Accordingly, GEICO Casualty Insurance Company will tender the extent of its policy limits to your insureds, as previously discussed in exchange for releases specific as to its named insured, Adelaide Sanchez and Michael Hofmann. This tender will take place in ten (10) days unless the parties to this claim offer alternative options by which GEICO Casualty Insurance Company can meet its good faith duty to all of its insureds in this matter.
(Emphasis added).
GEICO’s counsel sent similar letters to Enterprise and the renters.
Within ten days, Enterprise proposed that the defense of Dupote/s and Cabrera’s claims be tendered to Enterprise, along with the GEICO’s insurance policy limits. Enterprise would release its claims against the renters and would hold them harmless for any judgment in excess of the insurance policy limits.
The ten-day period expired without GEICO paying its policy limits to Dupotey and Cabrera. Dupotey filed suit against the renters and Enterprise. Count IV of the complaint alleged that a settlement had been reached for GEICO’s policy limits and requested enforcement of the settlement. GEICO intervened as a defendant on that count.
After an evidentiary hearing, the trial court ruled that a settlement had been reached and ordered GEICO to pay the settlement. GEICO and the renters have appealed.
II.
We must respectfully disagree with the conclusion reached by the trial court. There was no binding settlement agreement.
By its own terms the May 4 letter merely expressed GEICO’s “intention to consummate a settlement.” This was a conditional statement of intention to take action in the future, but was not a binding commitment. “Statements of future intentions ... do not give rise to an enforceable contract.” Cohen v. Amerifirst Bank, 537 So.2d 1108, 1109 n. 2 (Fla. 3d DCA 1989) (citations omitted); see also Cheverie v. Geisser, 783 So.2d 1115, 1118 (Fla. 4th DCA 2001); Midtown Realty, Inc. v. Hussain, 712 So.2d 1249, 1252 (Fla. 3d DCA 1998).
The upshot is that no binding settlement agreement was entered into. Accordingly, the judgment enforcing the settlement is reversed.